WOODBURN'S Administrator *v.* STOUT.

VOLUNTARY PAYMENT.—CONTRACT.—A being indebted to the estate of B, of which C was the administrator, paid to the widow of B, upon C's written order, a portion of the amount of the debt. Subsequently, A paid to C the whole debt, the credit for the amount paid to the widow not being allowed, because the order could not be found, and the administrator then agreed that if the order was found it should be allowed as a credit on a note owing by A, jr., to the estate. After the final settlement of B's estate, and after the death of C, A filed a claim against C's estate for the amount paid to the widow of B, alleging these facts, and that the order had not been found until after the settlement of the estate, and that no credit had been allowed therefor.

*Held*, that this was a case of the voluntary payment of money, without any mistake of law or fact.

*Held*, also, that the promise of C to allow the credit, if the order was found, did not require him to wait indefinitely, but only a reasonable time, which, in this case, could not be longer than the period during which B's estate should remain unsettled.

*Held*, also, that the facts did not support A's claim to recover the amount from C's estate.

APPEAL from the *Monroe* Common Pleas.

FRAZER, J.—The only question presented to this court is as to the sufficiency of the complaint. It shows (if we allow implications in its favor which may be of questionable admissibility) that the plaintiff *Stout* was indebted, in 1864, to the estate of one *Daniel Stout*, deceased, of which *Woodburn* was administrator; that he paid sixty dollars to the widow of *Daniel* upon the written order of *Woodburn*, as such administrator; that subsequently he paid to *Woodburn* the whole of his indebtedness, not deducting the amount paid upon the order, which he was not then able to produce, having lost it; it being then agreed by *Woodburn* that upon the production of the order, the amount of it should be applied as a payment upon a note held by the latter as such administrator against one *Daniel Stout*, jr.; that the plaintiff did not find, and was not able to produce, the lost order until after the final settlement of the estate of *Stout*, deceased, and after *Woodburn's* death; that *Daniel Stout*, jr.,

was compelled to pay his note, and that the order has now been found. Prayer that the amount of the order be allowed against *Woodburn's* estate.

The case thus made shows a voluntary payment of money by *Stout* to an administrator, no mistake of law or fact existing; that the estate of *Daniel Stout*, and not *Woodburn*, the administrator, received the sole benefit of the money paid; but that there was an agreement that the plaintiff should receive the benefit of the money so paid, by another arrangement, upon producing the lost order. When, under the agreement stated, must the order have been produced? Was *Woodburn* bound to wait indefinitely? We do not so understand it. It is well settled that when in a contract no time is fixed for the performance of an act or condition, it must be performed within a reasonable time. In this case, inasmuch as *Woodburn* made the agreement in his capacity as administrator, it seems to us fair to assume that the parties contemplated that the lost paper should be produced at least before the estate of *Stout*, deceased, should be finally settled; otherwise *Woodburn* would have assumed the risk of personal loss, resulting from the neglect or failure of the plaintiff to find and present it earlier, a thing not within the limits of a reasonable supposition. It appears clear to us that *Woodburn* violated no contract, and it is quite apparent that the plaintiff's claim now to recover the money from his estate, upon the facts pleaded, is not supported by any consideration of justice.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrer to the complaint.

*J. H. Louden* and *J. M. McCoy*, for appellant.

*J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellee.