## CHARLES S. HOMER *vs.* WILLIAM F. HOMER.

A firm, which had an account against A. B., brought action and recovered judgment thereon, and land of A. B. was sold on the execution, and bid off by W. F., one of the partners, in his own name, but with an understanding between him and his partners that he "should account with them for the interest in the land at its reasonable value." On the account of A. B. in the books of the firm, the expenses of the action and sale were charged, and the rents of the land credited, to the partnership. Upon the dissolution of the firm, C. S., to whom the firm was indebted, requested the partners to convey the land to him in discharge of his debt. W. F. wrote in the margin of A. B.'s account in the firm's ledger, "To W. F., he to pay C. S.;" and the other partners assigned to C. S., in writing, their interests in the land. The accounts between the partners were afterwards settled. *Held*, on a bill in equity filed by C. S. against W. F., to compel W. F. to convey the land to C. S., that there was no trust on the land in the hands of W. F., in favor of the other partners or of C. S.; and that an amendment, changing the bill into an action for money had and received, should not be allowed, although the parties had agreed that if C. S. could have relief upon the case stated he might have leave to amend accordingly.

BILL IN EQUITY to compel a conveyance to the plaintiff of land in Boston, or of the interest which had belonged to Matthias

E. Homer therein. Hearing before *Gray*, J., who reported the case for the opinion of the full court, as follows : ·

" The defendant, and Lemuel E. Caswell and William C. Nicholson were copartners in business in Boston, under the firm of Homer, Caswell & Company, from August 1, 1857, to July 31, 1862, under articles of copartnership, by which the defendant and Caswell had each an interest of two fifths and Nicholson of one fifth, and which provided, among other things, that on the dissolution of the partnership all the partnership property, stock on hand, notes, outstanding debts and accounts, the books of the partnership, and the store in which their business might at that time be carried on, should remain in possession of the defendant or his legal representatives ; that he should have the settlement of the business of the partnership, and perform the same with diligence ; and that the other partners might assist in the settlement of the business, and should be entitled to receive any balance of capital invested therein, with the accumulated profits that might be due to them upon the settlement.

" From October 2, 1862, to April 6, 1867, when the accounts between the partners were finally settled, the defendant, as the partner charged with the settlement of the partnership business, and in behalf of the firm, employed his brother, the plaintiff, as an accountant and agent in making up the books and settling the business of the partnership with the copartners ; and also employed him during part of the time in other private and separate business of the defendant's own. For services which he rendered to the firm, the plaintiff received from the firm $1000 in 1863, and $160 on April 5, 1867.

" Upon the books of Homer, Caswell & Company was an account against Matthias E. Homer & Company, of Mobile, on which account two actions had been brought by Homer, Caswell & Company in the superior court, and judgments obtained therein in 1861, and executions were issued thereon, and were levied by sale of an undivided interest of Matthias E. Homer in the real estate in question in this suit, (subject to mortgage and other incumbrances,) which had been attached on the original writs, and which was bid off by the defendant at the sale on execution,

and conveyed by the sheriff to him in his own name, but upon an understanding between him and his copartners that he should account with them for the interest in this real estate at its reasonable value. Upon said account on the books of Homer, Caswell & Company, the expenses of these actions and sales on execution were charged, and the rents afterwards received during the continuance of the partnership were credited.

" In 1866 the plaintiff requested each of the partners in the firm of Homer, Caswell & Company that this account and interest in real estate might be transferred to him as compensation for the services rendered by him in settling the partnership accounts. Caswell and Nicholson executed a written assignment to him of their interest therein. The plaintiff testified that the defendant agreed that the plaintiff should have this account and interest in real estate in payment for his services, and that no other agreement about that account and interest was ever made between the plaintiff and the defendant. The defendant testified that he never agreed or assented to any such arrangement, but always said that he would take that account himself and settle with the plaintiff for his services. It was proved that the defendant at some time wrote with his own hand under that account, upon the ledger of Homer, Caswell & Company these words, ' To William F. Homer: he to pay Charles S. Homer.' The defendant afterwards, pending this suit, sold that interest in real estate, and never accounted for it or any share thereof to his copartners, or paid any part of the proceeds to the plaintiff.

" In October 1867, the plaintiff began an action of contract against the defendant for services rendered to him from October 2, 1862, to April 6, 1867, in which the plaintiff recovered judgment. At the trial of that action, the mutual accounts between the partners, and the account books of Homer, Caswell & Company, including the entries and memorandum on the account against Matthias E. Homer & Company, were introduced in evidence.

" The present bill was framed upon the theory that the plaintiff was entitled to said interest in real estate, or at least to three fifths thereof. I was of opinion and ruled that, upon the case above stated, the plaintiff could not maintain this bill in its pres-

ent form. If this ruling was incorrect, a decree is to be entered for the plaintiff, with costs. If it was correct, and the plaintiff upon any amendment of his bill could have relief upon the case stated, he is to have leave to amend accordingly, and upon paying costs to the defendant, and taking no costs himself to the time of the amendment, to have such decree entered, by reference to a master or otherwise, as equity may require. If he is not entitled to any relief upon the case stated, the bill is to be dismissed, with costs for the defendant. No objection was taken that his remedy, if any, should be by a new action at law; both parties desiring that their rights should be finally determined in this suit."

*R. D. Smith*, for the plaintiff. 1. The mere taking of the land in the defendant's name does not make it partnership property, although it was paid for by the firm's money; but by taking it for a firm debt, and treating it as firm assets, by charges and credits, a trust is impressed upon it, evidenced by the writing of the defendant on the books. *Buck* v. *Swazey*, 35 Maine, 41. *Richards* v. *Manson*, 101 Mass. 482. *Botsford* v. *Burr*, 2 Johns. Ch. 405. *Forsyth* v. *Clark*, 3 Wend. 637, 651. *McGowan* v. *McGowan*, 14 Gray, 119. *Harmon* v. *Clark*, 13 Gray, 114, 121. *Baker* v. *Vining*, 30 Maine, 121. *Bragg* v. *Paulk*, 42 Maine, 502. *Pratt* v. *Thornton*, 28 Maine, 355, 360. *Titcomb* v. *Morrill*, 10 Allen, 15, 17. 2 Story Eq. §§ 964, 972. Any understanding of the partners that the defendant should account for the land to his copartners cannot control an express trust. *Bartlett* v. *Bartlett*, 14 Gray, 277. *Buck* v. *Dowley*, 16 Gray, 555. Gen. Sts. *c.* 100, § 19.

2. If necessary, an amendment should be allowed. *Neale* v. *Neales*, 9 Wallace, 1. *Dearth* v. *Hide & Leather National Bank*, 100 Mass. 540. *Stevens* v. *Warren*, 101 Mass. 564.

*G. F. Homer*, for the defendant.

MORTON, J. This is a bill in equity in which the plaintiff seeks to compel the defendant to convey to him certain real estate therein described. The plaintiff bases his claim upon two grounds. The first is, that it was agreed by all the members of the firm of Homer, Caswell & Company that the plaintiff should

have the real estate as compensation in part for his services in settling the affairs of the firm, and that the defendant holds the whole estate in trust for the plaintiff. The second is, that the defendant held the estate in trust for the partnership, and that by the transfer to the plaintiff, by the junior partners, of their interest in the account against Matthias E. Homer & Company, he was substituted to their rights, and thus is entitled to three fifths of the land in question. We are of opinion that neither of these claims can be sustained.

As to the first, it is a sufficient answer that there is no proof that the defendant agreed that the plaintiff should have the estate. But if this were otherwise, there is no instrument in writing signed by the defendant creating or declaring a trust con cerning this land. Gen. Sts. *c.* 100, § 19. The memorandum upon the ledger of the firm is entirely insufficient as a declaration of trust. It does not describe the land; if it is to be deemed to refer to the land, it does not indicate an intention to hold it in trust; but the more natural import of its language is, that the defendant is to hold the land as his own and pay the plaintiff for his services.

It is equally clear that the second position taken by the plaintiff cannot be sustained. There is no written memorandum signed by the defendant creating or declaring a trust concerning the land. An implied or resulting trust, in favor of the firm, will not be created, in a case like this, unless it appears that the purchase of the land was made for the firm and for its use. In this case, the proof is plenary, that it was the understanding of the partners that the defendant should take a conveyance of the land for his own benefit, and should account with the other partners for the proceeds or reasonable value of it. Upon these facts, no implied or resulting trust arises in favor of the partnership. *Richards* v. *Manson*, 101 Mass. 482.

It is clear therefore that the plaintiff cannot maintain his bill in its present form.

The report provides that if the plaintiff, upon any amendment of his bill, could have relief upon the case stated, he is to have leave to amend accordingly, and upon paying costs to the defend-

ant, and taking no costs himself to the time of the amendment, to have such decree entered, by reference to a master or otherwise, as equity may require. Upon the case stated, we see no ground of liability of the defendant, unless it be that the plaintiff is entitled to recover of him three fifths of the proceeds of the land in question. If the two junior partners assigned to the plaintiff their interest in the proceeds of the land, and the defendant assented thereto, it would seem that the plaintiff is entitled to recover three fifths of such proceeds, unless his claim is barred by the judgment in the former suit between these parties. For this he could maintain an action of contract. The only change he can make in the pleadings in this suit, to present this claim, is to strike out substantially all the allegations of his bill and substitute averments which would be equivalent to a declaration for money had and received. We think that such a case does not come within the scope or spirit of our statutes of amendments. Under these statutes, amendments are liberally allowed, where they are necessary to enable the plaintiff to sustain the action for the cause for which it was intended to be brought. But in this case the only change which could avail the plaintiff, upon the case stated in the report, is the substitution of a cause of action different from the one for which the suit was intended to be brought, and which is properly cognizable at law and not in equity. We are of opinion that such an amendment ought not to be allowed. *Bill dismissed.*