The State, *ex rel.* Sage *et al.*, *v.* Prime *et al.*

---

THE STATE, EX REL. SAGE ET AL., *v.* PRIME ET AL.

SHERIFF.—*Sheriff's Sale.*—*Sale of Same Property on Different Executions.*—*Priority.*—*Liability to Purchaser at Void Sale.*—Several executions against the same person, having priorities of lien upon the real estate of such person in the order of the rendition of the judgments upon which they were severally issued, were levied upon such realty, at the same time, by a sheriff in whose hands they were. He sold a portion of such realty upon the execution having priority, for a sum sufficient to satisfy it and the execution next in priority, but instead of applying such surplus to satisfy said execution next in priority, as by law he ought, he applied the

same on another execution, subsequent in priority to the other two, and sold another portion of such realty, by virtue of such execution next in priority, received the purchase money therefor and applied it to the satisfaction of such execution. Upon a suit brought by the execution-defendant against the purchaser at such second sale the circuit court declared such sale vacated by reason that the surplus received at such first sale ought to have been used to, and in law did, satisfy such execution next in priority.

*Held,* in a suit on such sheriff's bond, by the purchaser as relator, to recover the purchase-money of such second sale, that neither such sheriff nor his sureties can be held liable therefor.

SAME.—*Ministerial Officer.—Warranty.*—A sheriff is only a ministerial officer, and does not warrant anything in connection with the sale by him of property upon an execution lawfully in his hands.

SAME.—*Mistake.*—Where a sheriff acts in good faith, in selling property on an execution, though by his mistake or oversight the purchaser thereof obtains no title thereto, neither he nor his sureties can be held liable therefor.

SAME.—A purchaser at a sheriff's sale is bound to know whether or not the latter had authority to make such sale.

From the Tipton Circuit Court.

*L. Walker* and *R. Vaile,* for appellant.

*M. Bell, A. S. Bell* and *C. E. Hendry,* for appellees.

HOWK, J.—In this action, the relators of the appellant sued the appellees, in the court below, on the official bond of the appellee Nathaniel Prime, as sheriff of Howard county, Indiana.

The complaint was in two paragraphs, to each of which appellees demurred, upon the ground of objection that it did not state facts sufficient to constitute a cause of action. These demurrers were sustained by the court below, and to these decisions the relators of the appellant excepted. And the relators of the appellant failing and refusing to plead further, judgment was rendered upon the demurrers by the court below.

In this court, the decisions of the court below upon these demurrers are the only errors assigned by the relators of the appellant. To the proper determination of the questions presented by the errors thus assigned, a summary, at least, of the material facts averred in each

paragraph of the complaint, is absolutely indispensable; and the summary will therefore be given, as briefly as it can be done in an intelligible manner.

In the first paragraph, after stating that appellee Nathaniel Prime was duly elected sheriff of Howard county, and that he had given bond as such sheriff, with the other appellees as his sureties, and been duly qualified, and had entered upon the discharge of his duties as such sheriff, it was then alleged that during his term of office there came into his hands, as such sheriff, certain executions, duly issued by the clerk of the Howard circuit court, on certain judgments rendered in said court against one George W. Brown, in favor of the following named persons, for the sums and at the dates following, to wit;

John F. Henderson, judgment, April 28th, 1868, for three hundred and thirty-eight dollars and seventy-three cents, and costs;

Nelson Purdem, judgment, April 29th, 1868, for one hundred and forty-four dollars and twenty-three cents, and costs;

Robert E. Haskett et al., judgment, May 1st, 1868, for sixty-five dollars and fifty-eight cents, and costs;

Francis M. Trissal, judgment, May 18th, 1868, for sixty dollars, and costs;

Moses Freed, judgment, May 22d, 1868, for seven hundred and forty-three dollars, and costs.

That all said judgments were collectible without relief from the appraisement laws of this state, except twenty dollars and eighty cents of said Purdem's judgment, and five hundred dollars of said Freed's judgment, which sums were subject to appraisement; that said executions were issued to and received by said sheriff, and were by him levied upon said Brown's real estate, upon the dates following, to wit:

1. On said Henderson's judgment, execution was issued and received on May 22d, and levied May 23d, 1868;

2. On said Purdem's judgment, execution was issued and received May 16th, and levied May 22d, 1868;

3. On the judgment of said Haskett et al., execution was issued, received and levied May 25th, 1868;

4. On said Trissal's judgment, execution was issued and received on May 22d, and levied on May 23d, 1868;

5. On said Freed's judgment, execution was issued, received and levied on May 25th, 1868.

That each of said executions was levied, as aforesaid, on the real estate in Howard county, Indiana, thus described: the east half of the south-west quarter, and the south-east quarter, of section 28, in township 24, north, of range 2, east, containing two hundred and forty acres, which said real estate was legally advertised by said sheriff to be sold on each of said executions, on July 3d, 1868, on which day all of said executions were in said sheriff's hands; that on said day and at the proper place, said Prime, as such sheriff, on said Henderson's execution, having first offered the rents and profits, for a term of years not exceeding seven, of the north-east quarter of the south-west quarter of said section 28, and received no bid therefor, offered and sold the fee simple thereof to one George Raymond, as the highest and best bidder therefor, for three hundred and sixty dollars and twenty-five cents; and said sum being insufficient to satisfy said Henderson's execution, the said sheriff, by virtue thereof, having first offered the rents and profits, for a like term of years, of the south-east quarter of the south-west quarter of said section 28 and received no bid therefor, then and there offered and sold the fee simple thereof to said George Raymond, as the highest and best bidder therefor, for three hundred and sixty dollars and twenty-five cents; that of the said two sums, the said sheriff applied three hundred and seventy-eight dollars and three cents to the satisfaction of the said Henderson execution, and eighty-six dollars and seven cents to the satisfaction of the execution in favor of said Robert E. Haskett et al., and the surplus

of two hundred and fifty-six dollars and forty cents to the partial payment of the execution in favor of Moses Freed; that on the same day and at the same place, the said sheriff, by virtue of the execution in favor of said Nelson Purdem, having first offered the rents and profits, for a like term of years, of the south-east quarter of the south-east quarter of said section 28, and received no bid therefor, offered and sold the fee simple thereof to said George Raymond for three hundred and sixty dollars and twenty-five cents, that being the highest and best bid therefor; that said sale was made without appraisement, without regard to the fact that there was a waiver of the appraisement laws as to a part, only, of said Purdem's judgment, and that the residue of said judgment was subject to said appraisement laws; that of said last named sum, the sheriff applied one hundred and seventy-six dollars and forty-nine cents to the satisfaction of said Purdem execution, and the surplus of one hundred and eighty-three dollars and seventy-six cents he applied to the partial payment of the Freed execution; that on the same day and at the same place, by virtue of the execution in favor of said Francis M. Trissal, the said sheriff, after having first offered the rents and profits, for a like term of years, of the south-west quarter of the south-east quarter of said section 28, and received no bid therefor, offered and sold the fee simple thereof to said George Raymond for three hundred and sixty dollars and twenty-five cents, that being the highest and best bid made therefor; that of said last named sum, the said sheriff applied seventy-eight dollars and sixty-four cents to the satisfaction of said Trissal execution, and the surplus of one hundred and eighty-one dollars and sixty-one cents he applied to the partial payment of the Freed execution; that all of said sales were made by said sheriff without appraisement; that said Raymond duly paid each and every of his said bids, and the said sheriff executed to him certificates of purchase of the lands so bought by him, purporting to

entitle him to a sheriff's deed for said lands at the expiration of one year from the date of said sales, if said lands should not be redeemed before that time according to law; and that said Raymond made all said purchases without any knowledge of any irregularity or illegality in said sales, or in the proceedings of said sheriff; and the plaintiff's relators had no knowledge of any irregularity or illegality in said sheriff's proceedings. And it was then alleged that said Raymond, in the purchase of said lands, was acting as the agent of plaintiff's relators, who were then partners under the firm name of H. W. Sage & Co., and the purchase money was all paid with their moneys, and said certificates should have been issued to said Henry W. Sage, in trust for said firm, but having been issued by the sheriff's mistake to said Raymond, he, on July 11th, 1868, endorsed and delivered the same to said Henry W. Sage, in trust and for the use of said firm. And it was then averred that the proceeds of the sales of the two tracts of land sold on said Henderson execution, after satisfying the same and the execution in favor of Haskett et al., were sufficient to satisfy also the Purdem and Trissal executions, and although the sheriff did not so apply the money, yet the sales of said two tracts of land and the payment of the purchase money therefor to the sheriff were, in fact, a satisfaction of all four of said executions last mentioned, as the sheriff well knew; and that the sales made on the Henderson and Purdem executions were sufficient to pay the entire amount of all the said executions which were collectible without relief from valuation or appraisement laws. And it was alleged that said sheriff had violated the condition of his said bond, in this:

First. That as such sheriff and by color of his office, he wrongfully, fraudulently and unlawfully offered and sold, as before stated, upon the execution of said Nelson Purdem, as upon a valid execution, the south-east quarter of the south-east quarter of section 28, and received from

George Raymond, the purchaser, the purchase money, to wit, three hundred and sixty dollars and twenty-five cents, and issued to him a ʹcertificate of purchase, when in fact it was void, it having been fully satisfied by the sales previously made on the said Henderson execution;

Second. That as such sheriff and under color of his office, he wrongfully, fraudulently and unlawfully, under the circumstances and in the manner before stated, sold upon the said execution in favor of Francis M. Trissal, as upon a valid execution, the south-west quarter of the south-east quarter of section 28, and received from the purchaser, George Raymond, the purchase money therefor, three hundred and sixty dollars and twenty-five cents, when in fact said execution was then void, having been fully satisfied by the sales previously made by him on the said Henderson execution, as he well knew;

Third. That he sold the said south-east quarter of the south-east quarter of said section 28, upon said execution in favor of Nelson Purdem, without having the same appraised, although so much of said execution as waived appraisement had been satisfied by sales previously made on the said Henderson execution;

Fourth. That he sold, upon the said Trissal execution, the south-west quarter of the south-east quarter aforesaid, without an appraisement of the same.

And it was further alleged that after the assignment of said certificates of purchase to said Henry W. Sage, at the April term of the Howard circuit court, said George W. Brown commenced a suit in said court against said Raymond and Joseph Taylor, the then sheriff of Howard county, to set aside the sale made under the Purdem execution and the sale made under the Trissal execution, as illegal and void; that in said suit said Henry W. Sage, as the holder of said certificates of purchase, was substituted for said Raymond as a defendant, and said Prime was also made a defendant, but afterwards, on motion of said Prime, his name was struck out; that at the November

term, 1869, of said Howard circuit court, it was ordered and decreed by said court that said sales be set aside and be held utterly void. And it was alleged that said Prime had not repaid to said Raymond nor to said relators the said sum of seven hundred and twenty dollars and fifty cents, paid to him as such sheriff by said Raymond, as the purchase money of the two parcels of land, the sales of which were so set aside, nor any part thereof, although the plaintiff's relators, on the —— day of December, 1869, and on divers other days since and before the commencement of this suit, demanded the same of him. And judgment was demanded for twelve hundred dollars damages, etc.

The second paragraph of the complaint, in this action, is the same as the first paragraph, in substance, with these exceptions:

First. The second paragraph alleged, that the sales were made to George Raymond for his own use, and a subsequent assignment of the certificates of sale to appellant's relators for a valuable consideration;

Second. In the second paragraph, the averment that the sale under the Purdem execution was made without appraisement was omitted; and,

Third. The second paragraph did not allege a demand by plaintiff's relators for the return of the money. And the same judgment was demanded in said second paragraph, as in the first.

The real question presented for our consideration by the record of this cause is this: where a sheriff, having several executions in his hands against the same judgment-defendant, issued on judgments of different dates, has levied all said executions on the same real estate of the judgment-defendant, which real estate is susceptible of being sold in parcels, and the priority of the liens of the several judgments on said real estate is fixed by and can be readily ascertained from the priority in date of the several judgments,—and where, in such case, the sheriff

has sold, by virtue of the execution issued on the oldest judgment having the oldest lien, a part of the said real estate for a sum of money sufficient to satisfy not only the said oldest judgment, but also, if so applied, the next oldest judgment having the next oldest lien on said real estate,—and where, in such case, the sheriff, by mistake or otherwise, misapplied the said surplus of the said sale under the execution issued on the oldest judgment having the oldest lien, and instead of applying the said surplus, as he ought to have done, to the payment of the next oldest judgment having the next oldest lien on said real estate, he applied said surplus to the payment of a junior judgment having a junior lien on said real estate,—and where, in such case, the sheriff should sell, by virtue of the execution issued on the said next oldest judgment having the said next oldest lien on said real estate, which said judgment would have been fully satisfied by the proper application of the aforesaid surplus, another parcel of the said real estate, to a certain purchaser, for a certain sum of money, which is paid to the sheriff and applied by him to the satisfaction of said execution,—and where, by reason of the facts aforesaid, the title of the last purchaser to the said parcel of said real estate, purchased and paid for by him, wholly failed,—in such case, would the sheriff and his sureties be liable, on his official bond, to the said purchaser or the assignee of his certificate of purchase, for the amount so paid by him to said sheriff for said parcel of said real estate ?

If this question must be answered affirmatively, then the judgment of the court below is wrong and must be reversed; but if the question can be properly answered in the negative, then the decision of the court below is right, and the judgment of that court ought to be and must be affirmed.

The sheriff is merely a ministerial officer. It is made his duty, by statute, to "execute all process directed to him by legal authority," and again, to "serve all process

directed to him from the circuit or common pleas courts, or from the board of commissioners according to law." 2 R. S. 1876, p. 18, sec. 2. In this regard nothing is left to his discretion; he must simply obey according to law the mandate of the writ. "The execution must issue in the name of the state, and be directed to the sheriff of the county," and if it is issued on a judgment for money, it "shall require the sheriff to satisfy the judgment out of the property of the debtor, subject to execution." 2 R. S. 1876, p. 198, sec. 411.

The duties of the sheriff and his liabilities, under or by reason of any execution which may come to his hands, are clearly and strictly defined by statute, so far as the parties to the writ, plaintiff and defendant, are concerned. But . the theory of our law clearly is, as we construe it, that strangers to the execution, when they deal with the sheriff, where he is acting or claiming to act under or by virtue of the execution, must look out for and take care of themselves.

The sheriff, when he is selling property under or by virtue of an execution in his hands, does not warrant anything in connection with such sale; and where he acts in good faith, and his conduct in the premises is free from all imputations of fraud, neither he nor his sureties will be liable to the purchaser at such sale, although such purchaser, through the mistake or oversight of the sheriff, may take nothing by his purchase.

But, in the case at bar, the purchaser under the execution issued on the next to the oldest judgment, which was next to the oldest lien on the real estate of the judgment-defendant, had actual and constructive notice of all the facts. He was the purchaser at the sales made by the sheriff under the execution issued on the oldest judgment, which was the oldest lien on said real estate. He knew, therefore, or had the means of knowing and was bound to know, that the proceeds of such sale were sufficient to satisfy, not only the said oldest judgment, but also the said

next oldest judgment. He knew also, or had the means of knowing and was bound to know, that the surplus of the said proceeds of such sales were in law applicable to, and by law satisfied, the said next oldest judgment. When, therefore, at the sheriff's sale under the execution issued on the said next oldest judgment, the said purchaser bid off and paid for the said parcel of said real estate sold thereunder, he knew, or had the means of knowing and was bound to know, that the said next oldest judgment had been by law paid off and satisfied, and the said sale thereunder was an absolute nullity. In such a case as this, it is very clear to our minds that the purchaser can not, nor can the assignee of his certificate of purchase, by any possibility, have any cause of action against the sheriff or his sureties, on his official bond, for the recovery of the purchase money. This conclusion is in entire harmony with the doctrine of the case of *The State, ex rel. Wilber,* v. *Salyers,* 19 Ind. 432, although the facts of the two cases are somewhat dissimilar.

In *Doe* v. *Collins,* 1 Ind. 24, it was said by PERKINS, J., in announcing the decision of the cause, "The doctrine is well settled that all purchasers at sheriff's sale are bound to know that those facts exist which give the officer power to sell, being, generally, the judgment of a competent court and a legal execution. This is certainly right on principle, as the sheriff, in the sale of real estate, is but an agent or officer of the law with limited powers conferred by statute; and we believe it is universally acknowledged, that a purchaser of property from a private special agent, is bound to take notice of the extent of his powers, and that a purchase from such an agent, where he is not authorized to sell, is invalid."

In the case at bar, where the purchaser had both actual and constructive notice of all the facts in relation to the sale, and where he had the means of knowing and was bound to know that the sale made by the sheriff was made without any authority of law and was an absolute

nullity, his payment of the purchase-money might well be regarded as a mere voluntary payment. And if so regarded, the law is well settled in this state, by numerous authorities, that such voluntary payment could not be recovered back in any form of action. *Patterson* v. *Cox*, 25 Ind. 261; *Woodburn's Adm'r.* v. *Stout*, 28 Ind. 77.

The reasoning we have applied to the point under discussion and the authorities cited are equally applicable to all the points made by appellant's learned counsel on both paragraphs of the complaint. In our opinion, the court below committed no error in sustaining the appellees' demurrers to each paragraph of appellants' complaint.

The judgment of the court below is therefore affirmed, at the costs of the relators of the appellant.