Filed Jan. 31, 1889.

———◆———

No. 13,537.

## LEWARK v. CARTER ET AL.

JUDICIAL SALE.—*Personal Property.*—*Title Taken by Purchaser.*—The purchaser of personal property at a sale under execution takes only the title and interest of the judgment debtor.

SAME.—*Defective Title.*—*Liability of Sheriff.*—There is no warranty in judicial sales, and if the sheriff sells personal property in good faith, he is not responsible to the purchaser for any defect in the title.

SAME.—*Liability of Execution Plaintiff.*—*Representations of Deputy Sheriff.*—Representations by a deputy sheriff at the time of selling personal property that the title is good, will not render the execution plaintiff liable to a purchaser, upon a failure of title, unless the representations were made by his procurement.

SAME.—*Sheriff's Liability for Representations of Deputy.*—A sheriff is not liable to a purchaser, on account of representations made by his deputy as to title, where the statements are made in good faith in the belief that they are true, as in such case there is no fraud.

SAME.—*Duty and Authority of Deputy.*—Statements made by a deputy sheriff concerning the title to property offered for sale on execution, are outside of his duty and authority.

PLEADING.—*Amended Complaint.*—*Refusal of Leave to File.*—It is not error on the part of the trial court to refuse leave to a plaintiff to file an

amended complaint, after all the evidence has been introduced, which involves an entire change in the theory of the plaintiff's case.

From the Marion Superior Court.

*D. V. Burns* and *A. Seidensticker,* for appellant.

*F. Rand, J. M. Winters* and *R. Clarke,* for appellees.

COFFEY, J.—This action was brought by the appellant in the Marion Superior Court against the appellees, George H. Carter, sheriff of Marion county, and Fletcher & Churchman, to recover money paid by him on his bid for a horse sold by Carter at sheriff's sale.

The cause was tried by a jury, who returned a special verdict. On this verdict judgment was rendered for the defendants.

Lewark appealed to the general term of the superior court, where the judgment of the special term was affirmed, and he now appeals to this court, where, as in the general term, he calls in question the correctness of the judgment on the special verdict.

The material facts in the case, as set forth in the verdict of the jury, are: That appellee Carter, as the sheriff of Marion county, held an execution issued upon a judgment rendered in the Marion Superior Court in favor of his co-appellees, Fletcher & Churchman, against Oliver P. Castle, Charles B. Hitchcock, Charles F. Cleaveland and Robert H. Adams. Carter, as such sheriff, at the request of Fletcher & Churchman, the plaintiffs in said judgment, levied said execution on a certain bay horse as the property of the execution defendants. Due notice of the time and place of sale of the horse was given, and at the sale appellant became the purchaser, and paid the purchase-price; and Carter, after satisfying the costs out of the money, paid the residue to the judgment plaintiffs, Fletcher & Churchman, in part satisfaction of their judgment.

Before the levy of said execution, Hitchcock informed Corbaley, one of Carter's deputies, who was at the time in

quest of property on which to levy the same, that he, Hitchcock, did not own the horse; and one Glazier, the bookkeeper of Adams, told said Corbaley that the horse belonged to one Harry Walker.

The sale was made by Harding, another of Carter's deputies, who at the time, and in making the sale, in answer to a question put to him, publicly, by one William O. Patterson, at the sale, said that the title to the horse was clear and all right; and the plaintiff, hearing the statement, and relying on it, and believing it to be true, made his bid, but would not have bid had such statement not been made.

At the time Harding made the statement he had no knowledge as to whether it was true or not, and no actual intention of deceiving any one thereby, but believed the same to be true.

The execution defendant Hitchcock had owned the horse, but had sold it, before the execution plaintiffs, Fletcher & Churchman, had obtained their judgment, to his co-defendant Adams, who, before the date of said judgment, sold it to Harry Walker. Walker had entrusted the possession of said horse to the firm of Cleaveland & Brown, successors to Cleaveland & Adams, who were execution defendants.

Walker had no knowledge that the horse had been levied upon until after the sale. He brought an action against the appellant for possession of the horse, in the proper court, and recovered. The appellees were notified of the pendency of the action, and requested to defend it, but they failed to do so. After the termination of that action appellant demanded of the appellees repayment to him of the amount bid for said horse, which was refused.

A sale of personal property under execution passes only the right, title and interest of the judgment debtor. If the debtor has no interest, none passes by the sale to the purchaser. There is no warranty in judicial sales, and if the sheriff sells *in good faith*, he is not responsible to the purchaser for any defects in the title. A sheriff is only

a ministerial officer, and does not warrant anything in connection with the sale by him of property upon an execution lawfully in his hands. The purchaser stands in the situation of a purchaser of real estate who has taken a conveyance without warranty. The purchaser has a right to what he gets, and no more. *Caveat emptor* is the rule. He can not avoid payment by showing that the goods belonged to some one else; but, if an innocent purchaser, he may have redress in equity against the execution debtor whose debt he has paid. *Harrison* v. *Shanks*, 13 Bush, (Ky.) 620; *State, ex rel.*, v. *Prime*, 54 Ind. 450; *Brunner* v. *Brennan*, 49 Ind. 98; *Neal* v. *Gillaspy*, 56 Ind. 451 ; Rorer Judicial Sales, section 1051.

We think it clear, from these authorities, that, in the absence of the representations made at the sale, none of the defendants could be held responsible for the failure of title to the horse purchased by the appellant. It remains to inquire whether, by reason of such representations, they, or any of them, became liable to refund to the appellant the money paid by him for the horse to which the execution defendants had no title.

It appears that the horse was levied upon by the direction of the appellees Fletcher & Churchman. It also appears that the horse had previously belonged to the execution defendants, but that he had been sold. At the time of the levy he was not in the possession of the owner, and there is nothing in the finding to indicate that Fletcher & Churchman, at the time they directed the levy, were acting in bad faith. They were not present at the time the representations were made, and they were made without their knowledge or procurement. If they are liable, therefore, it must be because they sustained such a relation to the sheriff as principal and agent, or otherwise, as rendered them liable for the conduct of the sheriff in conducting the sale.

Murfree on Sheriffs, at section 1002, states the law thus: " While it is true, that in a certain sense, and for some pur-

poses, the sheriff may be regarded as the agent of the plaintiff, he is not such agent in conducting a sale under execution, and in the absence of proof of actual instructions, given by the plaintiff, and followed by the officer, the former can not be held responsible for misrepresentations of title, or other material circumstances, made by the latter. He is not like an auctioneer, the agent of both parties, but of the law, and is presumed, in the absence of proof to the contrary, to have acted strictly according to the mandate of his writ. The rule of *caveat emptor* can only be modified so as to charge the plaintiff by representations or guarantees, made by the sheriff or other persons on behalf of the plaintiff, and brought home to the latter by sufficient proof." See, also, *Weidler* v. *Farmers Bank*, 11 Serg. & Rawle (Pa.), 134.

In the absence of some proof that the representations of the deputy sheriff were made by the procurement of the appellees Fletcher & Churchman, we do not think that they can be held responsible. The verdict of the jury is presumed to find every .fact in the case warranted by the proof, and as it does not appear from such verdict that these appellees had any connection with the representations made at the time of sale, we hold that they are not liable to appellant.

Is the appellee Carter liable to the appellant on account of the representations made by his deputy ?

It may be conceded that a sheriff is liable for the defaults of his deputies by nonfeasance or malfeasance in the duties of their office, enjoined by law, and that their acts and omissions are to be regarded, when within the scope of their authority, as his acts and omissions. *Snell* v. *State, ex rel.,* 43 Ind. 359; *Marshall* v. *Hosmer*, 4 Mass. 60.

It is no part of the duty of a deputy sheriff to make representations as to the title to the property he sells on execution. His plain duty is to follow the commands of his writ, and his statements in relation to the title of the property are not within the scope of his authority. In this case, however, it appears that the deputy made the representations in good

faith and without any intention of deceiving any person thereby, and believing them to be true. The modern doctrine undoubtedly is, that fraud may exist without knowledge of the untruth of the representations made to induce a party to enter into a contract. But it must appear that such representations were fraudulent.

Representations made for an honest purpose, and with fair reason for believing them to be true, are not fraudulent, although it may turn out that they were not true. *Furnas* v. *Friday*, 102 Ind. 129 ; *Watson Coal, etc., Co.* v. *Casteel*, 68 Ind. 476.

In our opinion it does not appear that the representations made by Harding at the sheriff's sale were fraudulent. For this, and the reasons stated above, we are of the opinion that the appellee Carter is not liable in this action.

After the testimony in this case had all been introduced, the appellant offered to file an amended second paragraph of complaint, which the court, on objection made by the appellees, refused to allow. The amended second paragraph offered by appellant is set out in a proper bill of exceptions, and appears to be a complaint seeking to set aside the sale made by the sheriff, on substantially the facts set up in the complaint in this cause. Had the court permitted appellant to file this amended paragraph, it would have become necessary to make issues upon it, the mode of trial would, perhaps, have been different from the one just closed, and the execution defendants, who were interested in maintaining the credit that had been entered by reason of the sale of the horse, would have been entitled to be heard. We do not think the court erred in refusing to allow appellant to file this second paragraph of complaint. It was an entire change in the theory of the appellant's case.

We find no error in the record for which the judgment below should be reversed.

Judgment affirmed.

Filed Jan. 31, 1889.