## ANDERSON V. CHILSON *et al.*

1. Although the common law forms have been abolished, an equitable action under the code system is clearly distinguishable from one at law.

2. Where a complaint states a cause of action clearly equitable in its character, and contains a prayer for an accounting with numerous persons charged in a fiduciary capacity, a judgment at law entirely inconsistent therewith, established by the evidence against one of the defendants only, for damages upon a breach of contract to pay a stipulated sum of money, cannot be entered, and the complaint will be dismissed.

. (Syllabus by the Court.    Opinion filed Dec. 12, 1895.)

Appeal from circuit court, Day county.   Hon. A. W. CAMP-BELL, Judge.

Action for an accounting.   From a judgment of dismissal, plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*F. B. Wright* and *F. E. Campbell,* for appellant.

Where the demurrer is overruled and defendant answers all questions raised by the demurrer are waived, except the question of jurisdiction and that the complaint does not state facts sufficient to constitute a cause of action. Hull v. Alexander, 26 Ia. 569; McLaren v. Hall, *Id.* 297; Plummer v. Roods, 4 *Id.* 587; Knox v. Montgomery, 109 Ind. 69. When a court of equity acquires jurisdiction of a case for one purpose it retains it for all purposes and administers complete relief. Haynes v. Whitseth, 18 Oregon 454; Clem v. Ins. Co., 29 Mo. App. 666; Martin v. Martin, 24 Pac. 418; Gormally v. Clark, 134 U. S. 338; Ostrander v. Weber, 114 N. Y. 95; Wheelock v. Noonan, 108 N. Y. 179; Town v. Cook, 108 N. Y. 504.

*John H. Lund, Josephus Alley* and *Huntington & Orland,* for respondents.

A plaintiff after failing to establish his cause of action as stated in the complaint cannot be allowed to convert his case into another and wholly different claim. DeWatt v. Kinard, 33 S. C. 522; Salters v. Geuin, 7 Abb. 197; Bradley v. Aldrich, 40 N. Y. 504. After trial an amendment will not be allowed so as to make an entire change in the theory of the case, requiring perhaps, a different mode of trial. Lewark v. Carter, 3 L. R. A. 440; Freeman v. Grant, 43 N. Y. 396, Folson v. Cornell, 150 Mass. 705; Stearns v. Richmond. 14 S. E. 847.

FULLER, J. As disclosed by the complaint, the substantive facts upon which plaintiff prays for an accounting with all the defendants are as follows: Plaintiff was the administrator of an estate, and defendants were sureties upon his bond. Defendant being called upon to make good an apparent shortage of $1,200 as shown at that time by plaintiff's accounts with the estate, demanded and received from said plaintiff, to hold only as security for any money which they might be required to advance on account of such deficiency, a certain stock of general

merchandise, of the alleged value of $1,338, owned by a co-partnership of which plaintiff was a member, and which was turned over by plaintiff with the consent of his copartner, together with plaintiff's undivided one-half interest in various other items of personal property described in the complaint, and aggregating in value the sum of $4,000. That, upon the delivery of said property to defendants, nothing whatever was paid, and the only purpose thereof and consideration therefor were to secure and protect the defendants against liability upon said bond. That plaintiff was never $1,200 short in his accounts as administrator; and that, * * * at a final settlement of all matters and proceedings relating to said estate, the probate court found that $458.88 was the exact sum required to balance said accounts, and relieve plaintiff and the defendants from all further liability upon said administrator's bond. That said sum of $458.88 was the only amount ever paid by the defendants in the capacity of sureties, or otherwise in plaintiff's behalf; and that their liability upon said bond has ceased, and plaintiff, as administrator, has been discharged. The complaint concludes as follows: "Plaintiff further alleges that said defendants have taken all of the goods, wares, and merchandise, book accounts, notes, live stock and coal, hereinbefore named, into their own possession, and have sold and disposed of the same for their own use and benefit. Plaintiff further alleges that the defendants have collected, as plaintiff is informed and believes, nearly the entire amount of the book accounts and notes heretofore named. Wherefore plaintiff prays judgment that the defendants be compelled to account with him touching the premises, and ordered to pay over to plaintiff any balance found in their hands coming to him, and for such other and further relief as to the court may seem proper, together with costs and disbursements of this suit."

For a determination of the issues of law and fact presented by the pleadings, the case was referred to H. H. Potter, Esq., and the evidence offered and received under the separate answer

of the defendant Chilson amply sustains and justifies the fol-
lowing findings of fact and conclusions of law, upon which was
entered the judgment of dismissal, and for costs against plain-
tiff, and in favor of defendants, from which plaintiff appeals:
Findings of fact: "(1) I find that the property alleged to
have been delivered by plaintiff to defendants was not delivered
as security, as alleged in the complaint, but was in fact sold to
the defendant Chilson.   (2) I find that such sale was with the
knowledge and consent of Sorum, plaintiff's partner.   (3) I
find that the agreed price for the goods in question in said ac-
tion which were sold to defendant Ole A. Chilson was the sum
of nine hundred and seventy-five dollars.  (4) I find that it was
agreed to between the plaintiff and the defendant O. A. Chilson
that the purchase money of said goods should be applied in
liquidation of the liabilities of defendants as sureties upon a
certain undertaking given by them to the plaintiff as adminis-
trator of the estate of one Evans, deceased.   (5) That, of the
money agreed to be paid by said Chilson for said goods, he has
paid in liquidation of plaintiff's liability on his account as ad-
ministrator, and on defendant's liability as bondsman for said
administrator, the sum of four hundred and fifty-eight and 88-100
dollars, and no more."   Conclusions of Law:   "(1) That plain-
tiff be denied the relief demanded in his complaint, and defend-
ants have judgment for their costs in this action."

That the various and numerous items and articles of per-
sonal property belonging to appellant, and described in his
complaint, were pledged to respondents, who were cosureties
upon his bond, to secure and indemnify them against loss aris-
ing from the failure of appellant to fully account for the estate
of which he was administrator, was the theory upon which he
sought to establish a fiduciary relation between himself and the
several respondents; entitling him to the equitable remedy of
an accounting.   Although none of the material averments of
the complaint were proved at the trial, and the evidence estab-
lished an unconditional sale and delivery of the property to

Chilson, instead of a delivery in trust to Chilson and his corre-
spondents, it is urged by counsel that, upon the facts as found,
their client was entitled to a judgment for the difference be-
tween the purchase price agreed upon and the amount which
has been paid by Chilson to the use and benefit of appellant.
As a determination of the point thus presented is decisive of
the appeal, other questions discussed in the briefs of counsel
will require no attention.

The facts as found being supported by the evidence, and
entirely inconsistent with the cause of action stated in the com-
plaint, appellant was not entitled to a money judgment against
Chilson, although the findings of fact would support an infer-
ence that a portion of the purchase price agreed upon had not
been paid. The issues tendered by the complaint being ad-
dressed to the equity side of the court, followed by a prayer for
an accounting with the numerous persons named and therein
charged in a fiduciary capacity, the case was sent to a referee,
and a trial thereof disclosed a case for a jury, and established
a state of facts which, if proved in an action at law, would en-
title appellant, a vendor of personal property, to recover from
one of the alleged trustees, but in fact a vendee of goods, wares
and merchandise, the balance due upon the purchase price
thereof.

When a complaint is framed for equitable relief, and it ap-
pears upon the trial that the pleader is not entitled thereto, a
judgment at law inconsistent with the allegations of the com-
plaint, for damages upon a breach of contract to pay a stipu-
lated amount of money, cannot be entered, and the complaint
must be dismissed. It was held in Dalton v. Vanderveer (Sup.)
29 N. Y. Supp. 342: ''Where a complaint states a cause of ac-
tion which is within the jurisdiction of equity, and is not an ac-
tion at law, and the evidence given on the trial fails to sustain
such equitable cause of action, but shows a cause of action at
law, the complaint will, nevertheless, be dismissed, as a
distinction between equitable and legal actions still exists,

though the forms have been abolished." From the head-
note in Parrish v. Railroad Co. (Fla.) 9 South. 696, we
quote the following: "There can be no recovery upon a cause
of action, however meritorious it may be, or however satisfac-
tory proved, that is in substance variant from that which is
pleaded by the plaintiff." To the same effect, see Lewark v.
Carter (Ind. Sup.) 20 N. E. 119, Bradley v. Aldrich, 40 N. Y.
504; Homer v. Homer, 107 Mass. 82; Park v. Lide, 90 Ala. 246,
7 South. 805; 18 Am. & Eng. Enc. Law, p. 515. The principle
that plaintiff must recover, if at all, upon the cause of action
alleged in his complaint, is elementary. The record discloses
no error, and the judgment appealed from is affirmed.