ESSEX *v.* MEEKER.

[No. 15,774. Filed January 26, 1938. Rehearing denied January 31, 1938.]

*Charles F. Remy, William H. Remy* and *Francis M. Hughes,* for appellant.

*Thomas McGee,* for appellee.

KIME, J.—The appellee, by an amended one paragraph of complaint, sought recovery against the appellant on a promissory note executed by appellant, payable to one Thomas S. Meeker, and negotiated for value in due course before maturity.

The appellant answered in general denial and by a second paragraph of answer alleged in substance that to settle a disagreement the appellant executed the note because of certain representations of the payee and that these representations were made fraudulently to appellant by payee to accomplish his ends. A demurrer to this second paragraph of answer was overruled.

Upon these issues trial was had and the court found for the appellee and entered judgment in her favor for the face of the note, interest and attorney's fees.

Following the overruling of the motion for a new trial, the grounds of which were that the decision was not sustained by sufficient evidence and that it was contrary to law, this appeal was perfected, the error assigned being the overruling of that motion.

The appellant was the owner and lessor of certain realty which was leased to a hotel operating corporation. This corporation consisted in the main of the appellee and her husband, Thomas Meeker. The appellee was a stockholder, director and secretary-treasurer of said operating corporation. The appellant had entered into a long term lease which that corporation had acquired and thereafter the hotel corporation became delinquent in the payment of monthly rental and appellant desired to secure possession of the property. Thomas Meeker, the president of the hotel corporation, made the representation that there were no other outstanding debts except a small amount of unpaid taxes and thereupon, in order to secure the possession of the property and the furniture and fixtures appellant offered to and did give this note for $500.00, and assumed the unpaid taxes. It later developed that the unpaid taxes were approximately $500.00 and that there was a debt still due for an electric sign.

The appellant contends that the payee's title was defective because of fraud practiced in the procurement of the note and that the appellee had notice or knowledge of such facts as at least amounted to bad faith and that she had not discharged the burden cast upon her to show that she did not have knowledge of the defect in the title of the note in question.

The appellee contends that the appellant must first establish that the title of the payee was defective before

there was any burden on appellee to prove lack of knowledge. The appellee is correct in this contention. The evidence most favorable to the appellee was such that the trial court was warranted in concluding that the representations made by the president of the corporation were made in good faith and without any intention of deceiving the appellant and hence not fraudulent. The evidence was not such as to force this court to hold that such representations were made with the knowledge that they were untrue for a dishonest purpose. *Lewark* v. *Carter et al.* (1889), 117 Ind. 206, 20 N. E. 119.

There is no error. The decision is sustained by sufficient evidence and is not contrary to law.

The judgment is affirmed.