*J. Pettit* and *S. A. Huff*, for the plaintiff.

May Term, 1852. THE STATE v. DRULY. Monday, June 14.

----

THE STATE on the Relation of McCULLOUGH *v.* DRULY and Another.

By the R. S. 1843, a joint execution issues upon a justice's judgment against the judgment-debtor and the replevin-bail, but it is the duty of the justice to make an indorsement thereon designating which of the

May Term,
1852.

THE STATE
v.
DRULY.

defendants is principal and which the bail, and of the constable first to sell so much of the goods and chattels of the principal as he can find before he sells any of the goods and chattels of the bail, unless he is otherwise directed by the bail.

A suit will lie upon a constable's bond on behalf of a replevin-bail against the sureties of the constable for his illegal refusal to levy an execution upon the goods and chattels of a judgment-debtor subject to execution, whereby, the debtor's property having been wasted, the bail was compelled to pay the debt.

In such a suit it will be presumed, in the absence of contrary evidence, that the execution issued to the constable was a legal one, and properly indorsed.

If a constable, having an execution in his hands against a judgment-debtor and his replevin-bail, levies upon sufficient goods of the debtor to satisfy the debt, and wastes the same, and afterwards levies upon, and makes the money demanded out of, the property of the bail, the sureties of the constable will, under the R. S. 1843, be liable on his official bond to the bail.

The rule on this point is, that if the act done by the officer is performed under color of his office, his sureties are responsible.

Monday,
June 14.

ERROR to the *Wayne* Circuit Court.

PERKINS, J.—This is an action of debt upon a constable's bond by *The State*, on the relation of *Harvey McCullough*, against *Levi Druly* and *Curtis Parks*, the sureties in said bond, the principal, *Joseph M. Morton*, being dead. Two breaches are assigned in the declaration.

1. That within a year after the qualification of said *Morton* as constable, to-wit, on the 28th of *April*, 1849, an execution, called a *fi. fa.*, came to his hands, having been issued by a justice of the peace duly authorized, &c., upon a judgment for the sum of, &c., duly rendered by said justice in favor of *Moffit* and *Snyder* against *Aaron Druly*, which execution was against said *Druly* and *Harvey McCullough*, the replevin-bail to the judgment, and which, said *Morton*, for a long time, wilfully refused to levy on the property of said *Druly*, although he had a sufficiency subject to execution to satisfy it, whereby, afterwards, said *Druly's* property having been, during said delay in levying, wasted, said constable found it necessary to, and did, levy upon, and make the money on said execution out of, the property of said relator, *McCullough*.

2. That the constable levied said execution upon a sufficiency of property belonging to said *Aaron Druly*, but for a long time wilfully neglected to advertise and sell, whereby, the property levied on being, during said delay, wasted and removed beyond the reach of the officer, said officer was compelled to, and did, afterwards, levy upon, and make the money on the execution out of, the property of the relator, *McCullough*.

Demurrer to the declaration sustained, and final judgment rendered for the defendants.

By our statute a joint execution issues against the judgment-debtor and the replevin-bail. R. S. p. 901, s. 227. But by section 228, on the page just cited, it is enacted that—

" When an execution shall be issued by a justice of the peace, on any judgment against a judgment-debtor, and his surety or replevin-bail, the justice issuing the same shall make an indorsement thereon, designating which of the defendants is the principal and which the surety or replevin-bail; and the constable executing such writ, shall first sell so much of the goods and chattels of the principal defendant named in such execution as he may be able to find, before he shall sell any of the goods and chattels of such surety or replevin-bail, unless he shall be otherwise directed by such surety or replevin-bail."

We presume that the execution to *Morton* in the present case was a legal one, having upon it the proper indorsements. He should have used reasonable diligence, therefore, to make the money on it out of the property of the principal defendant in said execution; and his failure to do so was a breach of duty, rendering him and his sureties liable to an action on his bond at the suit of an injured party; for said bond was conditional that he should faithfully perform all his duties as constable; and the statute enacts that for any failure so to perform them any injured party may sue. R. S. 692, s. 132.

The suit is to be in the name of the state on the relation of the person aggrieved. According to the allegations in the assignment of the first breach in the declara-

tion in this suit, *McCullough*, the relator, was injured by the alleged neglect of the constable, as it subjected him to the payment of *Druly's* debt. The first breach in the declaration is, therefore, well assigned.

As to the second breach, it is insisted that it is bad, because the delinquency in the officer complained of could not injure the replevin-bail to the judgment before the justice, the relator in this suit. It is said that when the constable had levied on a sufficiency of goods, the property of the principal judgment-debtor, to satisfy the execution, the debt, as to all the execution-defendants, was satisfied, and they discharged from liability. We admit, for the purposes of this case, this latter assertion to be true. See *Starr et al.* v. *Moore et al.*, 3 McLean, 354. But it further appears that after said constable had levied on a sufficiency of the goods of the principal debtor to satisfy the execution, and wasted them, he proceeded to levy upon, and make the money demanded out of, the property of the bail. This was a wrongful act; and the question is, are the sureties of the constable responsible for it? Our statute enacts that every official bond, &c., shall be obligatory upon the principal and sureties therein, for the benefit of " any and all persons who may be injured or aggrieved by the misfeasance, malfeasance, nonfeasance, or default of such officer in his official capacity." R. S. p. 110, s. 96; p. 691, s. 131. Was the levy in this case, then, upon the goods of the bail made by the officer in his official capacity? We think it was. It is true the act was one of malfeasance which might have been resisted and prevented by the bail. He might have moved the setting aside of the levy and execution; but it seems that he was not bound to do so. The rule on this point is, that if the act done by the officer is performed under color of his office, his sureties are responsible. The case of the *Commonwealth* v. *Cole et al.*, 7 B. Mon. 250, was this : A constable, without having an execution in his hands against the individual, represented to him that he had, and obtained money from him. There was, at the time, a judgment against said individual on the docket of

a magistrate. The Court said: "Conceding, as we are disposed to do, that this clause of the condition [the condition of the official bond previously set out in the opinion] should receive a most liberal construction for the protection of the community against fraud, extortion, and every form of oppression incident to an abuse of the official character and powers of a constable, still there must be some reasonable limits to its operation. It cannot cover all acts which the individual may do while he holds the office of constable, nor even all acts which in their nature pertain to the office, and might, under proper circumstances, be rightfully done by a constable. The act must not only be of this nature, but it must at least be done by him as constable, under claim of a right to do the act by virtue of his office. And so far as it implies acquiescence or co-operation in the party injured, this acquiescence, or co-operation, should be induced by a confidence in the official character and right as asserted." The Court held that the obtaining of the money without an execution in his hands, by the false pretense that he had one, could not be regarded as an act done under color of office by the constable, and that his sureties were not liable. But the principles laid down in the case will justify a decision against the sureties in the cause now before us. *The City of Lowell* v. *Parker et al.*, 10 Met. 309, is more directly in point. In that case a constable seized the goods of one *Bean* upon a writ against him appearing on its face to be illegal. *The City of Lowell*, to which, by law, the bond of the constable was given, thereupon, on the relation of *Bean*, brought suit on said bond against the constable and his sureties, and recovered. The Court said: " It is objected in the present case, that the sureties are not liable, because the constable undertook to make an attachment on a writ, in which the *ad damnum* exceeded 70 dollars, and which, therefore, he had no authority to serve. But we think the objection cannot be sustained. He was an officer, had authority to attach goods on mesne process on a suitable writ, professed to have such process, and thereupon took the plain-

tiff's goods, that is, the goods of *Bean*, for whose use and benefit this action is brought, and who, therefore, may be called the plaintiff. He therefore took the goods *colore officii*, and though he had no sufficient warrant for taking them, yet he is responsible to third persons, because such taking was a breach of his official duty."

So in the case before us. The constable was an officer authorized to levy executions. He had one in his hands against the relator, which, perhaps, did not warrant him, at that time, in seizing property; nevertheless, by virtue of it, he assumed to do it as constable, in violation of his duty, and his sureties are liable for the act. The second breach is well assigned.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*O. P. Morton*, for the plaintiff.

*J. Perry*, for the defendant.