### RUSSELL *v.* HOUSTON and Others.

Where a sheriff's sale of a tract of land is fairly made in gross, it can not be disturbed by a judgment-creditor of the defendant because the tract contained a greater number of acres than it was supposed to contain when it was levied upon, appraised and sold.

A judgment is not a lien upon the equitable estate of the debtor.

Before a bill filed to enforce the collection of a judgment out of the equitable estate of the debtor, he may, if guilty of no fraud, convey such estate to a third person.

A purchaser of land under a junior judgment, may enjoin the sale of the land on an execution issued on a prior judgment, until the other property of the debtor which has been levied upon has first been exhausted.

*Thursday,*
*June 1.*

APPEAL from the *Switzerland* Circuit Court.

DAVISON, J.—Bill in chancery by *Russell* against *Houston*, *Dufour* and others. The object of the suit was twofold. 1. To set aside a sheriff's sale of a tract of land, sold as *Dufour's* property and purchased by *Houston*. 2. To protect another tract sold as the property of *Dufour* on a junior judgment and execution, and bought by *Russell*, from sale on an execution issued on a prior judgment.

Upon final hearing the Circuit Court dismissed the bill.

1. It appeared that *Dufour*, on the 5th of *May*, 1851, mortgaged a tract of land in *Switzerland* county to one *Schenck*, to secure the payment of a certain sum of money within a specified period. The mortgage describes the land "as bounded by *John F. Dufour's* land on the west; on the north by *Protzman's* land; on the east by the land of *Francis Lindley;* and on the south by lands owned by *James Dalmazo;* supposed to contain 40 acres."

The mortgage was foreclosed, and on the 17th of *Febru-*

*ary,* 1844, the tract was sold by the sheriff, under the decree of foreclosure, to *Houston,* for 400 dollars. A deed, pursuant to his purchase, was delivered to *Houston.* Prior to the sale, the land was appraised at 400 dollars. The appraisers, supposing it to be a tract of forty acres, estimated its value at 10 dollars per acre. It was advertised by the sheriff as a forty-acre tract of land, and as such offered for sale and sold. *Houston* immediately after the sale had the tract surveyed, and found it to contain ninety acres. Afterwards, on the 9th of *May,* 1845, *Dufour,* the mortgagor, with a full knowledge of the actual quantity in the tract, conveyed the same to *Houston,* by deed in fee, for a valuable consideration. It also appeared that *Russell* had recovered a judgment in the *Switzerland* Circuit Court against *John* and *Francis Sheets,* upon which *Dufour,* on the 31st of *May,* 1841, became replevin bail. This suit was instituted on the 18th of *June,* 1845, nearly sixteen months after the sheriff's sale to *Houston,* and at least six weeks after he received the conveyance from *Dufour.* When the present bill was filed, there was due on said judgment a balance of at least 1,000 dollars. The bill prays, *inter alia,* that the said sheriff's sale be set aside as a clear mistake; that the land be appraised and sold anew; and that the proceeds, after paying *Houston* said 400 dollars, with interest, &c., may be applied upon the complainant's judgment.

The record presents this question. Can *Russell,* a judgment-creditor of *Dufour,* have the sheriff's sale to *Houston* annulled, on the ground of mistake? No doubt there was a gross mistake as to the number of acres contained in the tract; still no fraud appears in the transaction. The law is well settled, that in sheriff's sales, the doctrine of "*caveat emptor*" applies. Suppose the tract, instead of ninety, had contained only twenty acres, would *Houston* have been bound by his purchase? Under the state of facts presented by the record, we think he would. Then, it seems to us, that the converse of the proposition would be correct. Where a judicial sale of a tract of land is fairly made, in gross, we know of no principle upon which it can be disturbed by a creditor of the execution-defendant.

If, after the sheriff's sale, *Dufour* had any interest in the land, it was a mere equity, arising from a mistake in the quantity sold. Upon this equity, the complainant, by his judgment at law, could have no lien. Nor did he acquire any lien by the institution of this suit, because, before its commencement, *Dufour* had released by deed all his equity in the land, to *Houston.* At any time before the complainant had, by his bill, acquired a lien, *Dufour*, in our opinion, had a perfect right, without fraud, to sell his interest in the land. He did so; and his equity, if he had any, was by his deed to *Houston* merged in the legal estate. Therefore, when this suit was brought, *Dufour* had no interest in the premises upon which the complainant's bill could operate. In effect, the deed from *Dufour* to *Houston* rectified the mistake in the sheriff's sale. The complainant could acquire no lien on the land by his bill. And there being no fraud in the transaction, the Circuit Court, very properly, refused to set aside the sheriff's sale to *Houston.*

2. We have seen that *Dufour*, on the 31st of *May,* 1841, became replevin bail on a judgment in favor of *Russell* and against *John* and *Francis Sheets.* Upon this judgment execution was issued, and on the 27th of *November,* 1841, a certain lot of ground was, by virtue of that writ, sold as *Dufour's* property to *Russell,* for 1,500 dollars. At that time, *Houston* held, and still holds, a judgment against *Dufour*, rendered on the 13th of *October,* 1840, upon which an execution was issued and levied on said lot. This levy was made just eight days prior to *Russell's* purchase. The bill further prays, that *Houston* be enjoined from selling said lot, until all other property levied on by his execution and unsold at the time *Russell* bought the lot, be exhausted. It was proved that *Russell* paid full value for the lot, and that *Houston* by his writ had levied on other property amply sufficient to satisfy the execution.

We think the complainant was entitled to the injunction. He had the right to have the securities for the payment of *Houston's* judgment marshalled, in order to protect his purchase. *Cohen* v. *Hannegan,* 2 Ind. R. 379. Therefore the decree of the Circuit Court must be reversed.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

J. *Dumont* and J. *Sullivan*, for the appellant.

J. G. *Marshall*, for the appellees.