The State, on the Relation of ARNOLD, *v.* MADISON and Others.

CONSTABLE.—*Suit on Official Bond.*—*Replevin Bail.*—Replevin bail who has been compelled by *alias* execution to pay the judgment, can maintain an action on a constable's official bond for the failure of that officer to levy the original execution issued upon the judgment on the property of the judgment debtor, such property, subject to execution, sufficient to satisfy the writ, being within the officer's reach, and the character of said replevin bail as such being stated in said original execution.

APPEAL from the Decatur Circuit Court.

This was a suit commenced before a justice of the peace by the State, on the relation of John D. Arnold, against Edward H. Madison, a constable, and the sureties on his

official bond, the complaint alleging, that at the April election, 1866, said Madison was elected a constable in and for said county, and, on the 10th day of April, 1866, qualified by giving bond and taking the oath of office, a copy of said bond and of said oath being filed with the complaint; that on the 22d day of January, 1866, one McGibbon recovered a judgment before Isaac W. Fugit, a justice of the peace of said county, for sixty-four dallars and forty-five cents, and costs; that on the 25th of January, 1866, the relator became replevin bail for the stay of execution on said judgment; that McGibbon sold and assigned the judgment to Trimble, Reed & Co. on the 2d of February, 1866; that on the 30th of July, 1866, execution was issued on said judgment and placed in the hands of said Madison, as constable, during his continuance in office as such. A transcript of the proceedings before said justice is filed with the complaint; also a copy of said execution, by which the constable was commanded to levy the judgment upon the goods of Churchman, and if a sufficient amount thereof could not be found in the county, then to levy on the property of the bail.

The complaint, for breaches of the condition of said bond, alleged,

1. That said constable failed to levy said writ upon the property of Churchman within thirty days from the time it came into his hands.

2. That he failed to return said execution within six months from the time it was delivered to him.

3. That he failed to levy said writ upon the property of said Churchman within six months from the time it came to his hands.

4. That he failed to make the money due on said writ out of the goods and chattels of said Churchman.

And each breach concludes with the allegation, that because of such failure of the constable the relator was afterwards compelled to pay forty dollars on said judgment.

The complaint further alleges, that said Churchman did

within six months next following the 20th day of July, 1866, live and reside at the counties of Shelby and Decatur, part of the time within the bailiwick of said constable, and had therein goods and chattels out of which said money could have been made pursuant to the command of said writ; and that on a subsequent execution on said judgment plaintiff was compelled to pay forty dollars, on the 24th of August, 1867, for which sum he demands judgment.

The defendants demurred to the complaint for want of sufficient facts, and because of the plaintiff's want of legal capacity to sue. The demurrer was sustained, and the relator excepted.

FRAZER, C. J.—The only question presented by this record is, whether replevin bail who is compelled by *alias* execution to pay the judgment, can maintain an action on a constable's bond for the failure of that officer to levy the original execution issued upon the judgment upon the property of the judgment debtor, such property subject to execution sufficient to satisfy the writ being within his reach.

Though the original execution must issue against the principal debtor and the bail jointly (2 G. & H. 602, sec. 84), the effect of the command of the writ, when issued from the higher courts, is, that the property of the principal be first exhausted. Id. 236, sec. 428. This is not, however, the express form of the writ prescribed by the statute (id. 385), which the justice is to follow (id. 616, sec. 128), and as there is not in the present justice's act any provision like section 428 of the code, which requires a sheriff to exhaust the property of the principal before resorting to that of the bail, as there was in the previous act of 1843 (R. S. 1843, p. 901), it is argued that there is no such duty incumbent upon a constable; and, consequently, that his failure to do it is not a breach of the condition of his official bond.

It is difficult to suppose that the legislature really intended to make one rule for the government of sheriffs and a different one for constables in cases exactly similar. No

reason can be imagined which could have induced a purpose to create such a distinction, and we would only be justified in holding that it exists if we find the law so plainly written that no other conclusion can be reached. But we do not find it so. Section 82 of the justice's act is as follows: "Whenever it shall appear from the docket, the justice shall note on the execution whether any of the defendants are sureties; and if so noted, it shall be the duty of the officer executing the same, first to levy on the goods of the principal; and if enough such goods can be found to satisfy the execution, no levy shall be made on the goods of the surety." Bail for the stay of execution is a surety of a particular class, and the fact appeared upon the docket and was stated in the body of the execution in this case. It seems to us, therefore, that *McCullough* v. *Druly*, 3 Ind. 431, is directly in point against the judgment of the court below.

Reversed, with costs; cause remanded, with directions to overrule the demurrer.

*C. Ewing* and *J. K. Ewing*, for appellant.

*W. Cumback* and *S. A. Bonner*, for appellees.