SNELL *v.* THE STATE, EX REL. KELLER ET AL.

43 359
e163 411

SHERIFF.—*Overpayment to.*—An overpayment to a sheriff on an execution, under a threat to levy if the sum demanded be not paid, is not a voluntary payment, but money obtained by the sheriff " by virtue of his office;" and in a suit on his official bond to recover such overpayment, his sureties are liable.

MOTION FOR NEW TRIAL.—*Demurrer.*—Error in overruling a demurrer is not a cause for a new trial.

SHERIFF.—*Deputy.*—What a sheriff does by his deputy he does himself, and he is responsible for money paid to such deputy as if paid to himself in person.

SAME.—*Bond.*—A sheriff's bond is several as well as joint; and in a suit thereon against him and his sureties, although the court might render judgment against him and his sureties, yet that judgment has been rendered against him alone is no reason for reversing it on an appeal by said sheriff, neither the plaintiff nor the sureties complaining of the action of the court below.

From the Madison Common Pleas.

*J. W. Sansberry* and *E. B. Goodykoontz,* for appellant.
*C. D. Thompson* and *J. T. Smith,* for appellees.

DOWNEY, C. J.—This was an action by the appellee against Snell, as sheriff of Madison county, and the sureties on his official bond as such sheriff. After alleging the execution of the bond, etc., it is stated that an execution and decree were issued and placed in the hands of the sheriff for collection against the property of the relators; that prior to the 7th day of August, 1868, they had paid on the same the sum of sixteen hundred and forty dollars; and that on that day the sheriff demanded of them the further sum of three hundred and fifty dollars, which he represented as the amount necessary to pay off the balance of the execution, and then and there threatened to seize the property of the relators, if said sum was not paid; and that the relator Keller, not knowing the amount due on the execution, under the statement of the sheriff that said sum was due, and in order to save his property from seizure on said execution, then and there paid said sum, when in truth and in fact only one hundred dollars were due, making two hundred and fifty dollars that he was illegally, unjustly, and forcibly compelled to pay, etc.

It is then alleged that as soon as the error was ascertained, and before this action was brought, the amount so overpaid was demanded of said sheriff, and that he refused and failed to pay the same or any part of it, etc.; wherefore, etc.

The first question presented is as to the sufficiency of the complaint. The common pleas held it sufficient. It is urged by counsel for the appellant, that the complaint does not show any sufficient compulsion by the sheriff to justify the payment to him officially. It is claimed that the complaint shows that the sheriff had a copy of a decree in a suit foreclosing a mortgage, and that all that the sheriff could do was to sell the mortgaged premises, and that he could not seize any other property, and that hence the payment was a voluntary one, for which the sheriff would not be liable, at least on his official bond. This is a misapprehension of counsel. The complaint describes a writ by which the sheriff was commanded " to make the sum of one thousand seven hundred and seventy dollars and ninety-five cents, principal, interest, and costs, and his accruing costs, out of the property of said Phillip A. Keller." As the facts do not exist upon which the objection is based, we suppose we need not any further consider it.

Another objection made is, that the terms of the bond, and the liability of the parties thereto do not extend to such cases; that at the time of the execution of the bond, it was not expected or contemplated that the sheriff would receive from parties more than was due from them; that the bond was not for the purpose of securing the repayment of money so paid; and that the non-payment of money so received would be no breach of the bond. This would be a very narrow and unreasonable construction to put upon the bond. The sheriff got the money by virtue of his office. He had no right to keep it. Justice and honesty required him to repay it. By the express terms of his bond, he agreed that he would " faithfully discharge the duties of the office of sheriff of said county of Madison, according to law, and safely keep and pay over according to law, to the proper

Snell *v.* The State, *ex rel.* Keller *et al.*

person, all moneys which may come into his hands by virtue of his said office." We hold that such a payment of money comes clearly within the terms of the bond, and within the spirit of the law requiring such bonds to be given. We think there is no valid objection to the complaint.

The defendants answered by a general denial, and they also in a second paragraph pleaded payment of the amount by the principal in the bond. To the second paragraph there was a reply in denial. The court, by agreement of the parties, tried the cause, without the interposition of a jury, and found in favor of the sureties, and against the principal in the bond. A motion for a new trial was made by the principal and overruled, and final judgment was rendered for the plaintiff as to him on the finding

The second error assigned is the refusal of the court to grant a new trial. The first reason for a new trial is, that the court erred in overruling the defendant's demurrer to the complaint. This is no cause for a new trial. The second, third, and fourth reasons are, the insufficiency of the evidence to support the finding, and that the finding is contrary to law.

We think the evidence sufficient to sustain the finding of the court, and do not see wherein it is contrary to law.

The execution given in evidence is in the common form of a *fieri facias*, against the judgment defendant and replevin bail. The receipt given is as follows:

"Received, Hartsville, August 7th, 1868, of Phillip A. Keller three hundred and fifty dollars, on an execution in favor of Samuel Johnson *et al.* against him.

"J. H. SNELL, S. M. C.
"per W. ROACH, Deputy."

What a sheriff does by his deputy he does himself. The defendant cannot be allowed to say that he is not responsible, because the money was paid to his deputy instead of having been paid to him in person.

That the judgment was rendered against Snell alone is no reason for reversing it. The bond was several as well as

joint, and while we think the court might well have found and rendered judgment against the securities as well as the principal, we need not reverse the judgment on this ground. Neither the plaintiff nor the sureties are complaining of this action of the court. Had the judgment been against the principal and sureties, the property of the principal would have been first liable to sale on the execution. 2 G. & H. 233, sec. 416. He could derive no advantage from having the sureties included with him in the judgment.

The judgment is affirmed, with eight per cent. damages and costs.