SIDENER *v.* WHITE ET AL.

INJUNCTION.—*Execution.*—*Property Subject to Execution.*—An injunction will not be granted to restrain a sheriff from selling property sold by an execution defendant after the issuing of the execution, on the ground that the sheriff since the sale has wrongfully permitted the execution defendant to remove from the State and sell other property subject to the lien of the execution.

SAME.—An injunction will be granted to restrain a sheriff from selling property sold by an execution defendant after the issuing of the execution, until other property of the defendant subject to execution shall be exhausted.

From the Decatur Circuit Court.

*J. Gavin* and *J. D. Miller*, for appellant.

*C. & J. K. Ewing*, *E. R. Monfort*, *S. A. Bonner*, *B. W. Wilson*, and *J. S. & O. B. Scobey*, for appellees.

DOWNEY, J.—The only question presented by the assignment of errors in this case is that relating to the action of the court in sustaining the demurrer to the complaint. The following is the substance of the complaint:

The plaintiff complains of Giles E. White, sheriff, John E. Robbins, and John Hillis, who is executor of the will of William Hillis, deceased, and says that on the 21st day of November, 1871, the defendant John E. Robbins recovered a judgment against John J. Pavy, in the Decatur Circuit Court, for the sum of two thousand four hundred and seventy-nine dollars and thirty-two cents, upon which judgment execution issued on the 10th day of January, 1872; that on the 21st day of November, 1871, the defendant John Hillis, as executor of the will of William Hillis, deceased, recovered a judgment against John J. Pavy, as principal, and Ralph P. Pavy, as surety, for the sum of twenty-four hundred and twenty-five dollars, in the same court, upon which execution issued January 6th, 1872; and at their several dates the executions went into the hands of the sheriff, and are still in his hands; that the sheriff also held a large number of executions and fee bills, amounting, with the above named executions, to about the sum of six thousand dollars; that on the

1st day of February, 1872, the said John J. Pavy sold and delivered to the plaintiff six pens of corn, supposed to contain about thirty-four hundred bushels of corn, and fifty-five head of hogs; that on the day of said sale to the plaintiff said John J. Pavy had a large amount of personal property on his farm in said county, to wit, fifty-five head of mules and four head of horses, worth fifty-nine hundred dollars, and other personal property worth two thousand dollars; that thereafter, on the 17th day of February, 1872, said White, as such sheriff, levied upon said hogs and said corn as the property of said John J. Pavy, by virtue of said executions, and would sell the same, unless restrained by the court, in satisfaction of said debts; that the sheriff, since the sale of said property to the plaintiff, had wrongfully permitted said Pavy to remove from the State and sell said fifty-five head of mules and said four head of horses of the value aforesaid, and having neglected to make the amount of said executions out of said property, has wrongfully levied upon the said property so sold to the plaintiff to pay said debts; that said John J. Pavy has other property, real and personal, out of which said executions might be made in full, without the sale of the property so sold to the plaintiff; that plaintiff has no lien upon or interest in any of said property, except that so sold to him; that the sheriff has advertised said hogs and said corn for sale, and will sell the same on the 13th day of April, 1872, unless restrained by the court, etc.; wherefore he prays that the sheriff be ordered and directed to levy upon and exhaust the property of said Pavy, other than that sold to this plaintiff before proceeding to sell the corn and hogs so sold to the plaintiff; that the sheriff be forever enjoined and restrained from selling said corn and hogs until the other property of said Pavy subject to execution be exhausted, and for a temporary restraining order, etc.

As to that part of the complaint which alleges "that the sheriff, since the sale of said property to the plaintiff, had wrongfully permitted said Pavy to remove from the State

and sell said fifty-five head of mules and said four head of horses," etc., we think it constitutes no ground upon which the execution plaintiff can be enjoined from making his money out of the property which has been levied upon. The execution plaintiff is not shown to have had any connection with the non-feasance of the sheriff, or to have had any knowledge of it. The mere delay of the sheriff to levy upon the property, and its removal by the execution defendant from the State, in the meantime, can not affect the right of the execution plaintiff to make the money out of any property of the execution debtor subject to the execution.

That part of the complaint which charges that " Pavy has other property, real and personal, out of which said execution might be made in full, without the sale of the property so sold to the plaintiff," presents a different question. There would seem, if this allegation be true, no necessity for selling the property purchased by the appellant. Assuming that the property of which the execution defendant is yet the owner is within the reach of the officer, which may be inferred from the fact alleged that the amount of the execution might be made out of it, we can see no reason, but mere wantonness, for levying on the appellant's property. It does not appear that the rights of any one will be disturbed by levying upon the property still owned by the execution defendant. It is not denied by counsel for the appellees that where part of the lands of a judgment defendant subject to the lien of the judgment are sold by the judgment defendant after the lien has attached, the creditor must, if enough thereof still remains to pay the judgment, make his levy and sale of the part so remaining; and if the part so remaining unsold be not sufficient to discharge the whole amount, yet the creditor must exhaust the same before proceeding against the part so sold by the debtor, or that he must exhaust any other property of the debtor, provided it does not interfere with intervening equities or rights of other creditors. But it is insisted that the rule does not apply to a case like this, where the sale has been of part of personal property bound

by the lien of an execution. Counsel say: "Sidener is a voluntary purchaser of Pavy's property, has no claim of any kind against Pavy, and, of course, no claim or lien upon the property—a mere naked, outside, voluntary purchaser of property, which he knew at the time to be subject to the liens complained against." These same objections to the granting of the relief asked, if valid, would prevent the granting of similar relief in case of the sale of a part of the real estate of the judgment defendant.

In *Clowes* v. *Dickenson,* 5 Johns. Ch. 235, the Chancellor said: "If there be a judgment against a person owning at the time three acres of land, and he sells one acre to A., the two remaining acres are first chargeable in equity with the payment of the judgment debt, as we have already seen, whether the land be in the hands of the debtor himself or of his heirs. If he sells another acre to B., the remaining acre is then chargeable, in the first instance, with the debt, as against B. as well as against A.; and if it should prove insufficient, then the acre sold to B. ought to supply the deficiency, in preference to the acre sold to A.; because when B. purchased, he took his land chargeable with the debt in the hands of the debtor, in preference to the land already sold to A. In this respect, we may say of him, as is said of the heir, he sits in the seat of his grantor, and must take the land with all its equitable burdens; it can not be in the power of the debtor, by the act of assigning or selling his remaining land, to throw the burden of the judgment, or a ratable part of it, back upon A." And see *Russell* v. *Houston,* 5 Ind. 180; Rorer Judicial Sales, sec. 559, *et seq.; Hurd* v. *Eaton,* 28 Ill. 122.

It is the judgment which creates the lien upon the real estate, while it is the execution in the hands of the officer that creates the lien upon the personal property. In either case there is a lien, and we can see no sufficient reason why the same rule should not apply in each case. It is said by counsel that Sidener has no claim of any kind against Pavy, and no claim or lien on the property. This is a misapprehension. He is shown by the complaint to be the owner of

the property by purchase from Pavy. He seeks to protect his title to the property by compelling the execution plaintiff to make his money out of the other property of Pavy, which is shown to be subject to execution and sufficient in amount to pay the debt. He does not ask to have his property absolutely freed from the lien of execution. This, we think, he can not successfully demand. He simply asks that his property shall not be sold until the other property of Pavy, subject to execution, shall be exhausted. To this extent, we think, he has a claim to equitable relief. If the plaintiff should have specified more particularly the property of Pavy subject to execution, this can be required of him by motion in the circuit court.

The judgment is reversed, with costs, and the cause is remanded.