The State, *ex rel.* Ross, *v.* McLaughlin *et al.*

<hr>

No. 8415.

THE STATE, EX REL. ROSS, *v.* McLAUGHLIN ET AL.

GUARDIAN AND WARD.—*Unknown Heirs.*—*Common Pleas Court.*—*Jurisdiction.*—*Bond.*—The statute did not authorize the court of common pleas to appoint guardians "for unknown heirs." It could not do so without express authority. It had no chancery powers upon the subject. Such an appointment was, therefore, void, and the bond given by the guardian thus appointed is void as a statutory bond.

SAME.—*Void Sale of Real Estate.*—*Common-Law Bond.*—A sale of real estate by such a guardian was void; no title passed to the purchasers by it; the guardian secured no rights by it, and the bond was without consideration, and invalid as a common-law bond.

The State, *ex rel.* Ross, *v.* McLaughlin *et al.*

SAME.—*Estoppel.*—In an action on such bond, a demurrer to the complaint raises no question of estoppel.

SAME.—*Jurisdiction.*—*Infancy.*—*Presumption.*—Infancy is a jurisdictional fact to be ascertained by the court, and must exist to authorize the appointment of a guardian. The appointment does not conclude the fact. It may be presumed.

SAME.—Where it affirmatively appears that the court had not the means of ascertaining the age, condition and circumstances of the persons, the appointment of a guardian for them must be held void.

From the Ripley Circuit Court.

*W. D. Willson* and *C. H. Willson*, for appellant.

MORRIS, C.—This suit was brought upon a guardian's bond. The complaint states that, on the 10th day of July, 1854, Martha Gibbon died intestate, seized in fee of certain real estate, which is particularly described in the complaint, situate in the county of Ripley and State of Indiana, leaving surviving her, as her only child and heir, Margaret J. Gibbon, who intermarried with William Ross, on the 4th day of July, 1856; that the relator is the only child of the said Margaret and her husband William Ross, and the only child ever born to the said Margaret; that, prior to the 26th day of May, 1864, said Martha died intestate, leaving the relator and her husband surviving her; that said William Ross was, at the time of the death of the mother of the relator, thirty years of age; that, on said 26th day of May, 1864, the said appellee John W. McLaughlin was, upon his own application, by the court of common pleas of said county, appointed guardian of the "unknown heirs of Martha Gibbon, deceased;" that the relator was then, and is still, the only heir of the said Martha Gibbon, and was then seven years of age, and that he became twenty-one years of age on the 22d day of August, 1878; that, on the 1st day of June, 1870, the said John W. McLaughlin, as such guardian, filed his petition in said court of common pleas to sell said real estate as the real estate of said unknown heirs of Martha Gibbon, deceased, and that, in said proceedings to

The State, *ex rel.* Ross, *v.* McLaughlin *et al.*

sell said real estate, the defendants executed and filed in said court their bond, a copy of which is filed with the complaint, which bond was duly approved by the court; that said McLaughlin procured an order from said court for the sale of said real estate, and sold the same for the sum of $1,071, one-third of the purchase-money being paid down, and the balance secured to be paid in equal instalments, at six and twelve months; that said court approved and confirmed said sale, and that the appellee had collected and appropriated to his own use all of the purchase-money; that he has never accounted to said court for said money, nor paid the same into court nor to any one entitled to receive the same; that the money so received by said McLaughlin, with the interest accrued thereon, amounts to $2,271; that the relator had demanded a settlement, and requested the said McLaughlin to pay over to him two-thirds of the money and the interest accrued thereon, so received for said real estate, but that he had refused to settle with appellant, or pay him any part of said money.

The bond filed filed with the complaint is in these words: "Know all men by these presents, that we, John W. McLaughlin, Samuel Harper and William B. Robinson, are held and firmly bound unto the State of Indiana in the penal sum of eighteen hundred and twenty-six dollars, upon this condition: That the above bound John W. McLaughlin shall faithfully discharge his duties as guardian of the unknown heirs of Martha Gibbon, deceased, and that he will faithfully pay over and account for the money that may come to his hands from the real estate of his said ward, and that he will dispose of the same according to law.

"Witness our hands and seals, this — day of September, 1870.        "JOHN W. McLAUGHLIN, [Seal.]
                    "SAMUEL HARPER,        [Seal.]
                    "WILLIAM B. ROBINSON. [Seal.]"

The appellees demurred to the complaint on the ground that it did not contain facts sufficient to constitute a cause of action. The court sustained the demurrer, and, the appellant electing to stand by his complaint, final judgment was rendered for the appellees.

The ruling of the court upon the demurrer is assigned as error.

At the time of her death, the only heir of Martha Gibbon, as appears by the averments of the complaint, was her daughter, Margaret Gibbon, to whom the real estate of which she died seized descended. At that time the relator was not in existence, nor did he at any time, in a legal sense, become the heir of Martha Gibbon. He did not, nor could he upon the facts stated in the complaint, inherit anything from his grandmother, Martha Gibbon. Every inheritable thing of which Martha Gibbon died seized or possessed descended at her death to and vested in her daughter and only heir, Margaret Gibbon, the mother of the relator.

It is also shown by the complaint, that Margaret Gibbon was the only heir and child of Martha Gibbon; that she was married to William Ross in 1856, some eight years before McLaughlin's appointment, and that she died prior to the 26th day of May, 1864, when McLaughlin was appointed guardian of Martha Gibbon's unknown heirs. It follows that, if the court had power to appoint a guardian for an unknown and unascertained heir, McLaughlin never became, by such appointment, the guardian of any one, the only person answering the description being at the time dead.

But we think the appointment of McLaughlin was void. The court of common pleas derived its power to appoint guardians from the statute; it had no chancery powers upon the subject. The statute authorized the court of common pleas of Ripley county to appoint guardians for minors resident within the county, or owning property therein, but it does not authorize the court to appoint a guardian for the

The State, *ex rel.* Ross, *v.* McLaughlin *et al.*

heirs of deceased persons generally. An heir may be over, as well as under, twenty-one years of age.

An order of the court, as in this case, appointing a guardian of an heir, without ascertaining whether such heir is an infant or not, is void. The infancy is a jurisdictional fact to be ascertained by the court. Possibly it may not be necessary that the fact of infancy should affirmatively appear upon the record; it may be presumed from the record, but the fact must exist, and the appointment does not conclude the fact. But where it affirmatively appears that the heirs are unknown, that the court had not before it the means of ascertaining who were heirs, the age, or anything else, the appointment should be held to be void. The statute does not authorize the court to appoint guardians "for unknown heirs." It could not do so without express authority.

The phrase "unknown heirs," *ex vi termini,* excludes the idea that the court has any knowledge of the age, condition and circumstances of the person, essentially necessary to the wise and proper discharge of the duties of the court in making such appointments. The truth of this could not be more forcibly illustrated than in this case. At the time of McLaughlin's appointment, there was no heir of Martha Gibbon in existence. Had her only heir, Margaret Gibbon, lived until that time, she would have been covert, and nearly thirty years of age.

The bond sued on shows upon its face that the pretended appointment of McLaughlin as guardian of the "unknown heirs of Martha Gibbon," was void. It was a bond that the court had no power or authority to require or accept, and, therefore, as a statutory bond, void. As, by the pretended sale of the land described in the complaint, no title passed to the purchasers, and McLaughlin, as such guardian, secured no rights by the sale, the bond was without consideration, and invalid as a common-law bond.

The appellant insists that the appellees are estopped by the bond sued upon from denying that McLaughlin was the guardian of the unknown heirs of Martha Gibbon, that the real estate sold belonged to such unknown heirs, and that he is liable to account to the heir, not of Martha Gibbon, but of her daughter, Margaret Ross. But the question of estoppel is not in the case. The relator himself avers, and would have to prove, in order to maintain the suit, that, at the time McLaughlin was appointed, no heir, known or unknown, of Martha Gibbon existed; that, eight years before McLaughlin's appointment as guardian, Margaret Ross, the only heir of Martha Gibbon, was a married woman, not liable to guardianship, and that she died covert before McLaughlin was appointed guardian of the unknown heirs of Martha Gibbon. There is nothing in the bond to estop the relator; the appellees make no averments; they rest their defence upon the statements of the relator. They simply say, that, upon the facts stated by the relator, the law is with them. They can not be estopped to occupy the ground upon which the relator has placed them.

The judgment below should be affirmed.

PER CURIAM.—It is ordered that, upon the foregoing opinion, the judgment below be affirmed, at the costs of the appellant.