Harmon *et al. v.* The State, *ex rel.* Pelton.

No. 8778.

82 197
130 313

## HARMON ET AL. *v.* THE STATE, EX REL. PELTON.

SHERIFF'S SALE.—*Levy of Execution on Personal Property, which is Wasted.—Judgment.—Bond.—Principal and Surety.*—A sheriff who levies upon and wastes sufficient personal property, belonging to the principal in the judgment, to satisfy the writ, and afterwards with said writ levies upon and sells real estate of a surety in said judgment, does not thereby render himself and his sureties liable upon his bond to the owner of such property.

SAME.—*Satisfaction of Judgment.—Sale Thereafter does not Divest Title.*—A levy upon sufficient personal property, which is wasted, satisfies the writ, and a sale thereafter of real property upon such writ does not divest the title of the owner of the property.

SAME.—*Estoppel.*—In a suit against a sheriff and the sureties upon his bond, where the plaintiff alleges the invalidity of a sale made by him, he and his sureties are not estopped to insist that such sale did not divest the plaintiff's title to such property.

From the Tippecanoe Circuit Court.

*W. C. Wilson* and *J. H. Adams,* for appellants.

*T. L. Merrick, H. S. Travis* and *W. D. Wallace,* for appellee.

BEST, C.—This action was brought by the State, on the relation of Henry C. Pelton, against Theophilus K. Harmon and his co-appellants, as his sureties, upon his bond as sheriff of Benton county, Indiana.

The breach assigned was that, during Harmon's term of office, a judgment was recovered against Joseph L. Carnahan as principal and the relator as his surety, in the Benton Circuit Court, for $217.03; that an execution, reciting such relation and directing the sheriff to first exhaust the property of said Carnahan, was delivered to said Harmon, who, by virtue thereof, levied upon personal property belonging to said Carnahan, of the value of $1,000, and more than sufficient to satisfy said judgment, interest and costs; that said Harmon failed and neglected to sell said property, but wrongfully abandoned said levy and suffered said property to be wasted and carried away; that afterward, without any disposition of said levy, said Harmon levied said writ upon real property of the rela-

tor, of the value of $500, and sold the same to satisfy said execution, thus compelling the relator to pay $228.48 upon said judgment, interest and costs.

A demurrer to the complaint for want of facts was overruled, and this ruling was reserved.

An answer in denial, with some special paragraphs and a reply in denial of the special paragraphs, was filed.

The issues were submitted to a jury, and a verdict returned for the appellee; upon which, over a motion for a new trial, final judgment was rendered. A motion in arrest of judgment was also made and overruled.

The appellants appeal, and, by the proper assignments of error, insist that the court erred in overruling the demurrer to the complaint, in overruling the motion for a new trial and in overruling the motion in arrest of judgment.

The appellants insist that the demurrer to the complaint should have been sustained, as the complaint upon its face shows that the execution upon which the relator's property was sold had been satisfied, and for that reason it could not have injured him.

The appellee admits that the execution upon which the sale was made had been satisfied, but insists that, notwithstanding such fact, the sheriff and his sureties are liable for such act.

The question presented is whether a sale of real estate, as averred by a sheriff, upon a writ that has been satisfied, renders the sheriff and his sureties liable upon his bond to the owner of the property?

This question must, we think, be answered in the negative.

The satisfaction of the writ extinguishes the judgment. If the writ is paid, or if sufficient property is levied upon to satisfy the writ, and through the misconduct or negligence of the officer the property is lost or destroyed, in either case the judgment is extinguished. *State, ex rel. Wilber,* v. *Salyers,* 19 Ind. 432; *State, ex rel. Sage,* v. *Prime,* 54 Ind. 450; *McCabe* v. *Goodwine,* 65 Ind. 288.

If the judgment is satisfied, of course it can make no difference how satisfied, and a sale thereafter made as averred in the complaint can neither confer any title upon the purchaser, nor injure the owner of the property. In the case of *State, ex rel. Wilber,* v. *Salyers,* 19 Ind. 432, this precise question arose, and it was held that the owner of the property could not maintain an action against the sheriff and his sureties upon his bond, under such circumstances. In that case executions issued upon eight judgments rendered at different times against the same party, were in the hands of the sheriff, who, upon the executions issued upon the first, fifth and sixth judgments, sold property for money enough to pay the first four judgments, but did not apply any of it upon the executions issued upon the second and third judgments. At such sale the relator purchased, upon the writ issued upon the fifth judgment, a parcel of land, and afterwards the sheriff, with writs issued upon the second and third judgments, levied upon and sold the land so purchased by the relator. Thereupon the relator sued the sheriff and his sureties upon his bond, and it was held that, as sufficient money had been realized from the sale first made to satisfy the first four judgments, the second and third judgments were satisfied, and that a subsequent sale upon writs issued upon such judgments was a nullity, and did not injure the relator.

The court, after saying that the sale was "an absolute nullity," added: "From all that is stated in the complaint, it does not appear that Wilber's title is at all affected by the sale made on the 30th of January, 1858; hence, he seems to have no valid cause of action against the sheriff. Whether or not, had his title been defeated by the latter sale, he could have sued the sheriff, on his bond, for making a false return to an execution in favor of another, or for not properly applying the proceeds of the first sale, or whether he should have taken steps to stop the second sale, we need not determine. The ground upon which we place the case is, that it does not ap-

pear that the relator has been injured by the wrongful acts of the sheriff."

This case was approved by this court in the case of *State, ex rel. Sage,* v. *Prime,* 54 Ind. 450, and must be regarded as conclusive of this question.

The writ in the above case was issued after the judgment had been satisfied, but that fact can make no difference. If the sale is made after the judgment is satisfied, the result is the same, whether the sale is made upon a writ issued before or after its satisfaction.

The appellee refers us to the cases of *State, ex rel. McCullough,* v. *Druly,* 3 Ind. 431, and *Snell* v. *State, ex rel. Keller,* 43 Ind. 359, as establishing a contrary doctrine.

The latter does not decide the question here involved. A sheriff had collected upon an execution more money than was due, upon a threat to levy unless the amount demanded was paid, and in a suit upon his bond it was held that he and his sureties were liable for the excess. This is not in conflict with the conclusion we have reached.

In the former case, a constable, who had levied upon and wasted sufficient personal property to satisfy his writ, afterwards levied upon and made the money out of personal property belonging to the replevin bail. In a suit upon his bond for such money, it was held that he and his sureties were liable under the statute of 1843. That case was unlike the present, and does not determine the question here presented. The sale of personal property by an officer differs from the sale of real property. In the former the officer takes and delivers possession, while in the latter he does neither; the former causes loss, while the latter does no injury. In this respect, they are essentially different. Had the relator averred that he had been put to trouble or expense in removing the cloud thus created upon his title, a different question would have arisen.

Following 19 Ind., *supra,* we are of opinion that the complaint was insufficient, and that the demurrer should have been sustained.

This conclusion renders it unnecessary to decide any other question presented by the record.

The judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the costs of the relator, with instructions to sustain the demurrer to the complaint.

### ON PETITION FOR A REHEARING.

BEST, C.—The appellant has filed a petition for a rehearing, supported by an elaborate brief, in which it is insisted that the case of *State, ex rel. Wilber,* v. *Salyers,* 19 Ind. 432, should be overruled, and that the complaint was good because the appellees are estopped to dispute the validity of the sheriff's sale. No case has been cited, questioning the doctrine announced in the case of *State, ex rel. Wilber,* v. *Salyers,* and no reason has been suggested or occurs to us why the doctrine therein declared is not sound in principle, or why it should not be followed. It protects the relator in the enjoyment of his property, and prevents the assertion of an apparent lien against it. This protection is ample, and it necessarily follows that the relator was not injured by such sale. Nor are the appellees estopped to deny this fact. They do not aver the invalidity of the sale. The appellant avers such facts as render the sale void; the appellees admit them, and insist that these facts create no liability against them. This they may do. They are not estopped to insist that the law upon the facts stated by the appellant is with them. *Willson* v. *Glenn,* 77 Ind. 585; *State, ex rel. Ross,* v. *McLaughlin,* 77 Ind. 335.

As they averred nothing, there was no estoppel, and therefore the petition should be overruled.

PER CURIAM.—Petition overruled.