Merritt v. Richey et al.

No. 11,407.

MERRITT v. RICHEY ET AL.

JUDGMENT.— *Execution.*— *Real Estate.*— *Rights of Subsequent Purchasers.*— *Equity.*—*Marshalling Assets.*—Where a judgment is a lien upon several parcels of land which are afterwards sold to various persons at different. times, a court of equity will direct its sale in the inverse order of its alienation.

SAME.—*Payment.*— *When Extinguishment of Lien on Land First Purchased.*— Where an execution issued upon such judgment is levied upon one of the parcels subsequently sold, and the purchaser pays or purchases the. judgment, the same must be deemed extinguished as against the prior purchaser if the land levied upon is of sufficient value to pay it.

SAME.— *Title.*—*Sheriff's Sale.*—The judgment being thus extinguished, such subsequent purchaser can not thereafter acquire title to the prior purchaser's land by purchase under an execution issued upon such judgment.

SAME.—*Decree.*—*Order of Sale.*—A sale of the prior purchaser's land can not stand when the subsequent purchaser has prevented the former from obtaining an order requiring the land subject to the judgment and subsequently sold to be first offered, by promising the first purchaser to bid off the land first liable to be sold.

SUPREME COURT.---*Practice.*—*Amended Complaint.*—*Record.*— *Assignment of Error.*—Where an amended complaint by the appellant is filed in the court below, no question can be raised in the Supreme Court as to whether or not it is properly a part of the record, unless a motion was made to strike it out, the grounds therefor being stated, and such ruling assigned. as a cross error.

From the Clinton Circuit Court.

*J. V. Kent* and *O. E. Brumbaugh,* for appellant.

*J. N. Sims,* for appellees.

BEST, C.—The appellant brought this action against the appellees to set aside a sheriff's sale of his property.

A demurrer by James M. Richey was sustained to his amended complaint, and this ruling presents the only question in the record.

The complaint averred, in substance, that David P. Barner, on the 31st day of May, 1877, recovered in the Clinton Circuit Court a judgment against Marcellus Bristow for $178.64; that at that time said Bristow was the owner in fee simple of more than thirty distinct parcels of land in said county, each

of which is described, and all of which became subject to the lien of said judgment; that on the 3d day of April, 1879, said Bristow and his wife sold and conveyed to the appellant lots three, four, five and six, block fifteen, in Scircleville, in said county, for the sum of $400; that on the 23d day of September, 1879, said Bristow and wife sold and conveyed to John Hayden two other parcels of said land, and on the same day he and wife sold and conveyed to Samuel Armstrong another parcel of said land; that on the 16th day of February, 1880, said Bristow and wife sold and conveyed to James W. Richey the northwest quarter ($\frac{1}{4}$) of the southwest quarter ($\frac{1}{4}$) of section thirty-two (32), in township twenty-two (22) north, of range two (2) east, in said county; and on May 10th, 1880, said Bristow and wife sold and conveyed to Samuel Merritt twenty other lots in Scircleville, in said county, which property said Merritt, on the 18th day of May, 1880, sold and conveyed to said Richey; that a portion of the balance of said land had since been sold to other parties, and that the residue was still owned by said Bristow; that on the 13th day of April, 1880, an execution was issued on said judgment and levied upon said land so conveyed to said Richey, who, on the 11th day of September, 1880, "paid said judgment in full to said judgment plaintiff, and fully discharged the same," but instead of cancelling the judgment he had the same assigned to him; that afterwards, to wit, on the 23d day of October, 1880, said Richey caused another execution to issue upon said judgment, which was levied upon a portion of the land still owned by said Bristow and upon the land sold by him to said Hayden, Armstrong and the appellant; that the lands sold by said Bristow, after the appellant's purchase, are worth more than $1,000, and are sufficient to satisfy said writ; that the lands so levied upon were advertised for sale on the 11th day of December, 1880, and said Richey, well knowing that the lands purchased by him of said Bristow were subject to the lien of said judgment, and were equitably bound for its payment before said land so owned by the appellant, promised him that he would bid off said

lands so levied upon, other than appellant's land, in satisfaction of said writ; that, relying upon such promise, he made no application to the court for an order requiring the land to be sold in the inverse order of its alienation until the day of the sale, when he learned that said Richey would not carry out his promise; that he then applied for such order, as well as an injunction to enjoin said Richey from selling the appellant's land, but as the judge resided in an adjoining county he was unable to procure such order and serve it in time to prevent the sale; that though such order was issued before the sale, it was not served until after, and while the appellant was attempting to procure its service, said Richey caused the appellant's lands to be offered, and bid them off himself in payment of such judgment, and in violation of his promise; that but for such promise appellant would have applied in season for such order, and would himself have bid off the lands subsequently sold by said Bristow, and thus have protected his own. Wherefore he prays that said sale may be set aside, the judgment cancelled, or the lands subsequently sold by said Bristow may first be exposed to sale to satisfy it.

This complaint was unquestionably good. It is well settled that when a judgment is a lien upon several parcels of land which are afterwards sold to various persons at different times, a court of equity will compel the sale of such land in the inverse order of its alienation. *Day* v. *Patterson*, 18 Ind. 114; *Sidener* v. *White*, 46 Ind. 588; *Houston* v. *Houston*, 67 Ind. 276.

This being the rule in equity, it follows as a sequence that as between the first and any subsequent purchaser, it becomes the duty of the latter to pay the judgment by allowing the land purchased by him to be first applied to its payment, and when such subsequent purchaser, upon whose land the writ issued upon the judgment has been levied, either pays the judgment or takes an assignment of the same to protect his land, such judgment must thereafter, as against a prior purchaser, be deemed extinguished if the land levied upon was of sufficient value to pay it.

The judgment being extinguished by its actual payment, or by its assignment to one upon whose land it had been levied, and whose duty it was to pay it, no valid sale could thereafter be made to him of the first purchaser's property upon a writ issued upon such judgment. *Harmon* v. *State, ex rel.*, 82 Ind. 197.

Such levy relieved the prior purchaser from the duty of obtaining an order requiring the property to be sold in the inverse order of its alienation, and such purchase and assignment of the judgment were tantamount to a satisfaction of the same by the application of such property as against a prior purchaser.

If, in this case, the judgment had not been paid, as averred, or if the levy and assignment had not been made, this sale can not stand, for the reason that the appellant was prevented from obtaining an order requiring the land to be sold in the inverse order of its alienation by the promise of the purchaser to bid off the land subsequently sold, and thus protect the appellant. He can not retain an advantage thus obtained. No court will permit such a sale to stand. A party can not relieve his land from a levy by purchasing the judgment, and then collect his money from land equitably exempted from its payment.

The complaint was clearly sufficient upon either of the grounds named, and for the error in sustaining the demurrer the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be hereby reversed, at the appellee's costs, with instructions to overrule the demurrer to the complaint.

Filed June 25, 1884.

### ON PETITION FOR A REHEARING.

BEST, C.—In support of the petition for a rehearing in this case, the appellee strenuously maintains that the complaint to which his demurrer was sustained was not properly a part of the record, and for this reason no error was com-

mitted in sustaining the demurrer. This point was made in the appellee's original brief, but as the record presented no such question, as we thought, we passed it in silence. Now we notice it because it is again pressed upon our attention. A demurrer was overruled to the original complaint in this cause, an answer and reply were filed, after which the court reconsidered its ruling upon the demurrer and sustained it to the complaint. The appellant then filed an amended complaint. The appellee made an unsuccessful motion to strike it from the files, reserved the question by bill of exceptions, and then filed the demurrer, which was sustained. This last ruling is alone assigned as error. This is the condition of the record, and it is manifest from its mere statement that it presents no such question to this court as the appellee attempts to raise. Such question can only arise upon a cross assignment of error. The various cases, holding that certain motions, papers and documents are not parts of the record without being made so by bill of exceptions, have no application to a pleading which constitutes a part of the record without such bill, and the fact that the court will determine such questions without a cross assignment of errors, furnishes no precedent for a similar rule in this case. A cross assignment is inapplicable to such questions, and could not be employed for such purpose.

In addition to this, if the ruling had been properly presented the appellee's position could not be maintained. The bill of exceptions fails to show that any reason whatever was assigned in support of the motion to strike out, and as it appears to have been right, it follows that the ruling would present no question here.

No other question is discussed that was not fully considered and decided in the original opinion. The petition should be overruled.

PER CURIAM.—The petition for a rehearing is overruled.

Filed Oct. 11, 1884.