Offutt *v.* Cooper *et al.*

No. 16,563.

OFFUTT *v.* COOPER ET AL.

From the Jackson Circuit Court.

*A. C. Harris, L. Cox* and *O. H. Montgomery,* for appellant.
*B. H. Burrell* and *L. F. Branaman,* for appellees.

COFFEY, J.—George P. Stout, being the owner of a large tract of land in Jackson county, executed a mortgage upon the same to the appellee Cooper, to secure the payment of a promissory note for the sum of three thousand dollars. Stout subsequently sold the land, in separate parcels, to the appellant, Offutt, and to the appellee Louis C. Abraham. The mortgage debt becoming due and remaining unpaid, Cooper brought this suit, in the Jackson Circuit Court, for the purpose of foreclosing the mortgage, making parties thereto Stout, Offutt, Abraham and others, claiming an interest in, or liens upon, the land.

The appellant, Offutt, filed a cross-complaint against the appellee Abraham, in which he alleged that Stout sold and conveyed to him a portion of the land described in the mortgage, and conveyed the same to him on the 16th day of July, 1889, for the sum of eight thousand three hundred dollars, and that, on the 8th day of August thereafter, Stout sold and conveyed the remainder of the tract to the appellee Abraham, and praying that the tract sold and conveyed to Abraham be ordered sold before resort to the land conveyed to the appellant.

Abraham answered the cross-complaint of appellant:

*First.* By a general denial.

*Second.* That he purchased the land conveyed to him on the 1st day of July, 1889, and prior to the time the appellant purchased the tract conveyed to him; that he paid therefor the sum of nine thousand seven hundred and thirty-five dollars; that the appellant took from Stout indemnity, in the sum of fifteen hundred dollars, against the mortgage in suit, which he still holds. This paragraph concludes with a prayer that the court order the land conveyed to the appellant sold before resorting to the land conveyed to the appellee.

The appellant replied that his indemnity was of no value, and had been lost by reason of prior liens on the property mortgaged to secure the same.

The issues thus formed were tried by the court, resulting in a finding, upon which the court, over a motion for a new trial, rendered judgment against the appellant on his cross-complaint.

The assignment of error calls in question the correctness of the ruling of the circuit court in overruling the motion for a new trial.

If it is true, as alleged in the cross-complaint of the appellant, that Abraham purchased subsequent to the sale made to him, he was entitled to the relief sought. The rule is that where a mortgagor retains a part and conveys the rest of mortgaged premises to different purchasers, the part retained is primarily liable to pay the debt, and the parts conveyed are liable in the inverse order of their alienation. 1 Hilliard on Mort., 71; *Merritt* v. *Richey,* 97 Ind. 236.

It appears, from the record in this case, that the court refused the appellant the relief he sought, upon the ground that he had assumed

one-half the mortgage debt due to Cooper as a part of the purchase-price of the land, when he purchased it from the mortgagor, Stout.

It is to be observed that there was no issue in the case, involving such a question as this. It is nowhere alleged that he assumed any part of the mortgage debt as part of the purchase-price of the land. Furthermore, it affirmatively appears, from the evidence in the cause, that he did not assume any part of the mortgage debt as part of the purchase-price of the land. He received the land from Stout in exchange for real estate in the city of Louisville, Ky. The agreed price of the real estate in Louisville was fourteen thousand dollars, upon which there was a mortgage amounting to five thousand dollars. Stout assumed the payment of this mortgage, leaving due to the appellant the sum of nine thousand dollars. In payment for this sum, Stout conveyed to the appellant the land in controversy, consisting of three hundred and thirty-two acres, at the agreed price of twenty-five dollars per acre, amounting to eight thousand three hundred dollars. This left due from Stout to the appellant the sum of seven hundred dollars, which was paid in cash. It is thus made to appear that the appellant was never, at any time, indebted to Stout for any part of the purchase-price of the land covered by Cooper's mortgage.

The finding of the court, therefore, that the appellant assumed one-half the mortgage debt due to Cooper is contrary to the evidence in the cause as it comes to us, and for this reason the court erred in overruling the appellant's motion for a new trial.

Other questions are presented by the record, and argued by counsel, but they are of such a character as that they may not arise upon another trial of the cause.

Judgment reversed as to the appellee Abraham, with directions to grant a new trial upon the issues formed on the appellant's cross-complaint.

Filed Jan. 30, 1894.