Lotz, J.
This was an action on a constable’s bond,, instituted by the State on the relation of James B. Meriwether as administrator of the estate of Ed Thomas, deceased. The appellee Walford was the constable and principal in said bond, and the appellees Oglesby and Lutz were his sureties. The complaint was in two paragraphs. The first alleges in substance that Walford was duly appointed and qualified as a constable for Jeffersonville township, Clark county, Indiana, and executed his official bond in the penal sum of $1,000, with said Oglesby1 and Lutz as his sureties, conditioned among other things that he would faithfully perform his duties as such constable as required by law. It is further averred that Walford did not duly, honestly, and faithfully perform his duties as such constable as required by the terms of said bond and by the law, in that on June 2d, 1891, he, as such constable, had a warrant commanding the arrest of one Ed Thomas; that he did, *393 under color of his office as said constable, undertake to execute said warrant and arrest said Thomas; that in executing said warrant he did “carelessly, negligently, and intentionally, without cause or reason, and without any notice to said Thomas that he was an officer or had a warrant or authority to make arrests, and without any warning to said Thomas, with a pistol loaded with powder and ball, did shoot, wound and injure the said Thomas, and from which injuries the said Thomas subsequently died.
The second paragraph of the complaint is much the same as the first, except there is no averment that the constable had a warrant; the arrest having been attempted under color of his office alone.
Walford demurred separately and Oglesby and Lutz jointly, assigning as- a cause that neither paragraph stated facts sufficient to constitute a cause of action.
These demurrers were sustained, and appellant refusing to amend, judgment was rendered on demurrer. These rulings are assigned as error.
Whether the wrongful acts of the constable were done by virtue of his office or by color of his office does not very clearly appear from the allegations. An act done by virtue of an office is one within the authority of the officer. If in doing such act the officer exercises that authority improperly or abuses the confidence which the law reposes in him, he will be liable for the injury done. An act done by color of an office is one of such nature and character that the office gives the officer no authority to do. The authorities are all agreed that if a wrongful act be done by virtue of the office, the officer and his sureties will be liable on his official bond. State, ex rel., v. Beckner, 132 Ind. 371; Commonwealth v. Cole, 46 Am. Dec. 506, note.
But whether or not an officer and his sureties are lia *394 ble on his official bond for a wrongful act done by color of his office, there is much conflict in the adjudicated cases. Brandt Suretyship, etc., section 566, and cases cited in notes. In this State, however, it is settled that a public officer and his sureties are liable upon his official bond for wrongful acts done by color of his office as well as by virtue of his office. State, ex rel., v. Druly, 3 Ind. 431; Snell v. State, ex rel., 43 Ind. 359; State, ex rel., v. White, 88 Ind. 587 (593).
This being true, the nice distinctions which prevail in some jurisdictions between acts done virtute officii and acts done colore officii do not maintain in this State. It follows that when a wrongful act is done by a public officer acting as such, he will be liable to the person injured, on his official bond.
The cause of action arising from the injury described in the complaint is one which at common law abated upon the death of the person injured.
The right to maintain such action after the death of the person injured is given by section 285, R. S. 1894. The action must be prosecuted by the personal representative of the deceased person, and the damages inure to the exclusive benefit of the widow and children, if any, or the next of kin. The amount of the recovery is not a penalty inflicted by way of punishment for a wrong done, but is intended to compensate the next of kin or those who were dependent upon the deceased and who had or are supposed to have had a pecuniary interest in his life. A complaint to recover such damages, in order to be good, must show that the deceased person left a wife, children, or next of kin. Stewart, Admr., v. Terre Haute, etc., R. R. Co., 103 Ind. 44; Burns, Admr., v. Grand Rapids, etc., R. R. Co., 113 Ind. 169; Indianapolis, etc., R. R. Co. v. Keely’s Admr., 23 Ind. 133.
The complaint in this case is wanting in such aver- *395 meats, and for this reason, if for no other, it was insufficient to withstand the demurrers. We do not wish to be understood as holding, nor do we hold, that the representative of a deceased person may maintain an action on the bond of a public officer for causing the death of such person. It is sufficient, for the purposes of- this case, to say that the complaint is bad for other reasons.
Filed Dec. 21, 1894.
Judgment affirmed.